## In re SPECIALTY EQUIPMENT COMPANIES, INC., a Delaware Corporation, SPE Acquisition, Inc., a Delaware Corporation, Debtors.

Bankruptcy Nos. 91 B 32766, 91 B 32767.

United States Bankruptcy Court,
N.D. Illinois, W.D.

Sept. 22, 1993.

Douglas B. Rosner, Sonnenschein Nath & Rosenthal, Chicago, IL, and Kenneth F. Ritz, Rockford, IL, for Specialty Equipment Companies, Inc.

Willie J. Nunnery, Madison, WI, for Kathryn Strait.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Specialty Equipment Companies, Inc. (Specialty) For Summary Judgment Denying Kathryn Strait's (Strait) Motion To Enlarge Time For Filing Proof Of Claim; Memorandum Of Law In Support Of Specialty's Motion; Memorandum Of Law In Opposition to Specialty's Motion; and Reply Brief Of Specialty. Specialty is represented by Attorney Douglas B. Rosner of Sonnenschein Nath & Rosenthal of Chicago, Illinois, and Attorney Kenneth F. Ritz, of Rockford, Illinois. Strait is represented by Attorney Willie J. Nunnery, of Madison, Wisconsin.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

This Memorandum Opinion shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy procedure.

### FACTS

On December 24, 1991, Specialty filed for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330 (1988) [hereinafter "Code"]. Before the filing of the Chapter 11 case, Strait had filed a complaint against Specialty in the United States District Court for the Northern District of Illinois, alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 *et seq.* Specialty listed Strait as having a contingent, unliquidated and disputed claim.

A copy of the Notice of Bar Date for Filing Proofs of Claim was sent to Attorney Nunnery. The bar date for filing was February 28, 1992. A proof of claim for Strait was not timely filed. On March 13, 1992, this Court confirmed Specialty's plan of reorganization, which became effective on March 31, 1992.

On September 3, 1992, Strait, through Attorney Nunnery, filed a motion to extend the bar date for filing proofs of claim. This motion was denied on September 10, 1992. Strait appealed the order, and the District Court remanded the case for reconsideration in light of an intervening Supreme Court decision, *Pioneer Inv. Services v. Brunswick Associates,* — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

### DISCUSSION

To prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part, as follows:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see also, In re Midway Airlines, Inc.,* 1993 WL 65673 (Bankr. N.D.Ill.1993).

Summary judgment allows the court to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes to Rule 56. "Summary Judgment ... is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Rule 1 of the Federal Rules of Civil Procedure).

The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Once the moving party has established that no genuine issue of material fact exists, summary judgment is proper "... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Thus, if the nonmoving party can not offer proof concerning an essential element of its case, then all other facts are rendered immaterial and there is no genuine issue of material fact. *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 247, 106 S.Ct. at 2509.

In order to uphold a grant of summary judgment, the court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Karazanos v. Navistar In-*

*tern. Transp. Corp.,* 948 F.2d 332, 335 (7th Cir.1991) (citing *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990)). Summary judgment is only appropriate when, upon review of the record, no reasonable jury could find for the non-moving party. *Id.* (citing *Doe v. Allied–Signal, Inc.,* 925 F.2d 1007, 1008 (7th Cir.1991)).

\* \* \* \* \* \*

Rule 3003(c) of the Federal Rules of Bankruptcy Procedure governs the time for filing a proof of claim in a Chapter 11 case. The rule provides in relevant part:

(3) Time For Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent or under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).

Rule 9006 of the Federal Rules of Bankruptcy Procedure governs the computation of time, and allows the court to enlarge the time period for filing proofs of claim "... where the failure to act was the result of excusable neglect." Fed.R.B.P. 9006(b)(1).

The Supreme Court of the United States has recently spoken on this issue in *Pioneer,* —— U.S. ——, 113 S.Ct. 1489. In that case, the creditors failed to file a proof of claim by the bar date. Twenty days after the bar date had passed, they filed their proofs, along with a motion that the court permit the late filing under Rule 9006(b)(1). *Id.* —— U.S. at ——, 113 S.Ct. at 1492. The debtors' counsel, an experienced bankruptcy practitioner, explained that he was unaware of the bar date because he was experiencing "a major and significant disruption" in his professional life caused by his withdrawal from his former law firm. Evidently counsel did not have a copy of the file until after the bar date had passed.

In affirming the Sixth Circuit, the Supreme Court held that the failure to file a timely proof of claim was the result of excusable neglect. In its analysis, the Court noted that it was in substantial

agreement with the factors used by the Sixth Circuit:

(1) whether granting the delay will prejudice the debtor;

(2) the length of the delay and its impact on efficient court administration;

(3) whether the delay was beyond the reasonable control of the person whose duty it was to perform;

(4) whether the creditor acted in good faith; and

(5) whether clients should be penalized for their counsel's mistake or neglect.

*In re Pioneer Inv. Services Co.*, 943 F.2d 673, 677 (6th Cir.1991). The Court noted, however, that there was one factor in which the Sixth Circuit had erred, and that was placing any consideration on whether the clients should be penalized for their counsel's mistake or neglect. The Court emphasized the principle that clients must be accountable for the acts and omissions of their chosen counsel. *Pioneer.* — U.S. at —, 113 S.Ct. at 1499. "Consequently, in determining whether the respondent's failure to file their proofs of claim prior to the bar date was excusable, the proper focus is on whether the neglect of respondents *and their counsel* was excusable." *Id.*

▬ The Supreme Court did note that a flexible understanding of "excusable neglect" is in accordance with the policies underlying Chapter 11 and the Bankruptcy Rules. As the Court pointed out, "... Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* — U.S. at —, 113 S.Ct. at 1495. Nevertheless, this elastic standard must be applied within the framework of the factors outlined by the Court. *Id.* — U.S. at —, 113 S.Ct. at 1498.

This Court finds that the late filing of the Strait claim was not due to "excusable neglect." Attorney Nunnery urges the Court to excuse his inadvertence, but consideration of the outlined factors, as discussed below, compels the conclusion that

this is not a case in which "excusable neglect" would be appropriate, notwithstanding the Supreme Court's expansive view of that phrase.

### (1) *Would there be prejudice to the debtor?*

In *Pioneer*, the Supreme Court found that there would be neither prejudice to the debtor, nor a significant impact on the administration of the case if the late proofs of claim were allowed. That finding is not possible here.

▬ The burden of proving "excusable neglect" is on the party seeking to be relieved of the time bar. *Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1314 (8th Cir.1987); *In re Chateaugay Corp.*, 104 B.R. 617, 619 (Bankr. S.D.N.Y.1989). Thus, it is Strait's burden to show an absence of prejudice to Specialty; not Specialty's burden to demonstrate that it would be harmed. Strait has failed to sustain this burden.

▬ There exist 231 claimants holding in excess of $12 million dollars of contingent, unliquidated and/or disputed claims who have not filed proofs of claims. Specialty argues that "... to allow Strait's proof of claim potentially invites the filing of hundreds of additional claims."

In addition, the confirmation order was entered in reliance on the bar date. As Specialty points out, "... the feasibility, successful confirmation and consummation of Specialty's pre-negotiated plan were based, in part, on Specialty's ability to identify the number and amount of allowed claims which were treated under the plan." Thus, the existence of the potential claimants, and the disruption they might cause, is significant. Allowance of the Strait claim would set a precedent that is an invitation to havoc.

The Supreme Court noted in *Pioneer* that "... were there any evidence of prejudice to [the debtor] ... we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to the 'excusable'." *Pioneer*, — U.S. at —, 113 S.Ct. at 1500. The court's use of the word "any," taken literally, suggests

that it is only willing to extend the bar date if there is absolutely no prejudice to the debtor. That is not the circumstance in which Strait finds herself here, even with a lesser standard than "absolutely no prejudice."

### (2) *Does the length of the delay have an impact on efficient court administration?*

This is another compelling factor. In *Pioneer*, the notice of the bar date provided by the Bankruptcy Court was unusual; it was incorporated in a document entitled "Notice for Meeting of Creditors". As the Court of Appeals observed, "[s]uch a designation would not have put those without extensive experience in bankruptcy on notice that the date appended to the end of this notice was intended to be the final date for filing proof of claims." *In re Pioneer Inv. Services Co.*, 943 F.2d at 678. Nevertheless, the creditor's counsel did file the proofs of claim twenty days after the bar date.

In this case, Specialty properly served copies of the proof of claim forms and the court-approved Notice of Bar Date for Filing Proofs of Claim upon all scheduled creditors, including Strait. Approximately *six months* after the bar date, Strait filed a motion to extend the bar date for filing proofs of claim. Unlike *Pioneer*, where the creditors' attorney had received a questionable notice but still managed to file within twenty days of the bar date, Strait received proper notice, yet her attorney allowed over six months to pass before making any attempt to establish her rights. This Court finds that six months is an egregious length of time beyond the bar date. To allow a late filed proof of claim after such an extended period of time, and after confirmation, would have a grave adverse impact on the administration of the case.[1]

### (3) *Was the delay beyond the reasonable control of counsel?*

No such argument has been asserted by Attorney Nunnery, who has pled ignorance

of the bankruptcy rules as a reason for his failure to file a timely proof of claim. However, the Seventh Circuit has recently held that failure of counsel to read or follow the rules is "clearly within the control of the movant." *In the Matter of Bulic*, 997 F.2d 299, 302 (7th Cir.1993). Other courts have held that ignorance of the rules will not constitute "excusable neglect." *In re Springfield Contracting Corp.*, 156 B.R. 761 (Bankr.E.D.Va.1993).

### (4) *Is the creditor acting in good faith?*

 There is no suggestion that Attorney Nunnery acted in bad faith, but that alone will not overcome the other factors discussed.

### (5) *Should the client be penalized for counsel's neglect?*

Attorney Nunnery urges the Court to consider this factor, but it has been rejected by the Supreme Court in *Pioneer*.

### *CONCLUSION*

The Court is reluctant to transform what happened here into a doomsday scenario, but it should be apparent to anyone involved in the administration of Chapter 11 cases that permissiveness in the matter of late-filed claims produces uncertainty in the finality of confirmation orders, and is an invitation to abuse. For the reasons stated, the Motion for Summary Judgment should be granted. See Order.

### *ORDER*

In accordance with the Memorandum Opinion filed herewith, it is

ORDERED that the Motion of Specialty Equipment Companies, Inc., for Summary Judgment Denying Kathryn Strait's Motion to Enlarge Time for Filing Proof of Claim is GRANTED.

---

1. The 7th Circuit Court of Appeals, affirming the District Court's Order of September 25, 1992, has recently held that Specialty's Chapter 11 plan had been substantially consummated prior to the time the Strait motion to extend was filed. *In the Matter of Specialty Equipment Companies, Inc.*, 3 F.2d 1043, 1049 (N.Dist.Ill.1993).