**In re ROSE'S STORES, INC., Debtor.**

**Bankruptcy No. 93–01365–5–ATS.**

United States Bankruptcy Court, E.D. North Carolina.

March 25, 1994.

Clayton D. Morgan, Smith Debnam Hibbert & Pahl, Raleigh, NC, for debtor.

Richard F. Horsley, Dillard & Ferguson, Birmingham, AL, for claimant.

## ORDER DENYING MOTION TO FILE PROOF OF CLAIM

A. THOMAS SMALL, Chief Judge.

The matter before the court in this chapter 11 case of Rose's Stores, Inc. is the Motion for Extension of the Time to File Proof of Claim filed by Donna Myers on February 4, 1994. The motion will be denied.

At the time of filing, the debtor operated 215 retail stores in 11 states. Ms. Myers alleges she sustained injuries resulting from a slip and fall accident in one of the debtor's stores in Alabama. She filed suit in the state courts of Alabama in May of 1993, and before the matter was resolved, the debtor filed for protection under chapter 11 of the Bankrupt-cy Code on September 5, 1993. The debtor listed Ms. Myers' claim as disputed and unliquidated, and, therefore, Ms. Myers is required to file a proof of claim under 11 U.S.C. § 1111(a).

The bar date for filing a proof of claim passed on January 13, 1994. Apparently, both Ms. Myers and her attorney in the state court action did receive notice of the bar date, but the notice was inadvertently misplaced. Her attorney became aware of the bar date on January 30, 1994, and immediately mailed a proof of claim and motion for extension of time to file proof of claim to the court on January 31, 1994. The motion was received by the clerk's office on February 4, 1994.

Ms. Myers alleges that the debtor is in no way prejudiced by an extension of the time to file her proof of claim since only two weeks had passed before her claim was filed, and the debtor has yet to submit a plan of reorganization.

The debtor objects to the motion to extend the time to file a proof of claim. The debtor alleges that there are approximately 300 personal injury claims pending against Rose's and that it will be prejudiced by the extension of the bar date.

In chapter 11, the court may allow a motion to extend the bar date made after the expiration of the claims period where the failure to act was the result of excusable neglect. Fed.R.Bankr.P. 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A flexible understanding of the term "excusable neglect" "accords with the policies underlying Chapter 11 and the bankruptcy rules." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1495. In overseeing the reorganization of chapter 11 debtors, courts are entrusted with broad equitable powers to balance the interests of affected parties to achieve the overriding goals of ensuring success of the reorganization. *Id.* In the context of Rule 9006, the determination of "excusable neglect" is an equitable inquiry. *Id.*

In determining what constitutes "excusable neglect," the Supreme Court held that the equitable inquiry should consider

"all relevant circumstances surrounding the party's omissions." *Id.*, at ——, 113 S.Ct. at 1498. This inquiry includes factors such as the adequacy of notice, the danger of prejudice to the debtor and its impact on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Id.*

In *Pioneer*, the court found that the good faith of the parties and the interest of efficient judicial administration weighed strongly in favor of allowing the claim. *Id.*, at ——, 113 S.Ct. at 1499. The court gave little weight to the personal upheaval of the claimant's counsel and great weight to the fact that the notice of the bar date provided by the bankruptcy court was "outside the ordinary course in bankruptcy cases" in assessing the reason for the late filing. *Id.* In *Pioneer*, the notice of the bar date was incorporated in a notice entitled "Notice for Meeting of Creditors." *Id.*, at ——, 113 S.Ct. at 1494. The court held that in the absence of countervailing factors such as bad faith or delay, the unusual form of the notice of the bar date to the creditor required the finding that the neglect of the claimant's counsel was "excusable." *Id.*, at ——, 113 S.Ct. at 1500.

The bankruptcy court in the Southern District of New York, recently examined the new standard set out in *Pioneer*. *In re Macey & Co., Inc.*, 24 B.C.D. 493 (Bankr. S.D.N.Y 1993). In *Macey*, the claimant was a tort plaintiff who was not fluent in English and who forwarded the notice of the bar date to her attorney. The claimant's attorney missed the bar date and eventually filed a proof of claim 13 days late. The court did note that there was no dispute that the claimant was acting in good faith in asserting her claim and that the time delay was not great.

The court, in its analysis, focused on the adequacy of notice, the danger of prejudice to the debtor, and the reason for the delay. The claimant admitted to receiving the notice of the bar date and sending the notice to her attorney. The potential prejudice to the estate was substantial because the debtor was self-insured for the first $500,000 of any liability to the claimant. There was no excuse for the delay other than carelessness of the claimant and her attorney, and the claim was not allowed.

In the matter before this court, the length of the delay and the impact on the judicial process weigh in favor of Ms. Myers. There is no dispute that Ms. Myers has acted in good faith in all respects. However, other factors weigh more heavily against Ms. Myers.

Even though Ms. Myers' claim is only $11,000, which is small with respect to Rose's total debt, to allow this claim would prejudice the debtor to the extent that this and other late-filed claims would be allowed. With respect to personal injury claims, the debtor is self-insured up to $250,000, and the allowance of the claim would directly affect the debts owed by the estate and prejudice other creditors who timely filed claims.

Ms. Myers has not given any excuse for her failure to file the proof of claim other than that the notice of the bar date was misplaced. Both Ms. Myers and her attorney received notice of the § 341 meeting and the notice of disputed claim served by the debtor.

In *Pioneer*, the Supreme Court noted that a key factor that caused the missing of the bar date was the unusual form of the notice given of the bar date. The court, however, specifically noted that the personal upheaval in the attorney's practice was not a factor in its determination. The notice of the bar date in this case was given in the usual and customary manner. Ms. Myers has not alleged any facts that explain her failure to timely file a proof of claim other than ordinary negligence. The reason for the delay was solely within the control of Ms. Myers and her attorney.

The factors that favor extending the bar date are outweighed by the factors in favor of the debtor, including the prejudice to the debtor, the adequacy of notice and the reason for the delay. It would be inequitable to extend the bar date for Ms. Myers. Accordingly, the motion for extension of time to file proof of claim is **DENIED**.

**SO ORDERED.**