### In re Lester Don BROWN and Arline Dalton Brown, Debtors.

### Bankruptcy No. 96–13557C–13G.

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

Aug. 18, 1997.

## ORDER

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on July 29, 1997, for hearing on a motion by the Chapter 13 Standing Trustee to disallow the claim of NationsBank in the amount of $13,535.79 on the grounds that the claim was filed late. The attorneys appearing for the hearing were James H. Morton on behalf of Nations-Bank, Richard I. Shope on behalf of the Debtors and the Chapter 13 Standing Trustee, Anita Jo Kinlaw Troxler. Having considered the evidence offered by the parties, the contents of the official file and the arguments of counsel for the respective parties the court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTS

This Chapter 13 case was filed on September 12, 1996. An order was entered in this case on December 6, 1996, confirming Debtors' Chapter 13 plan which contains the following provision:

> The § 362 stay and restraining order are hereby modified as to NATIONSBANK OF NC and the 1994 Four Winds boat with the boat released to the claimant for liquidation. The claimant is allowed 90 days from the date of confirmation of the plan to liquidate the 1994 Four Winds boat and file a documented deficiency claim or to release the lien against the title and forward the title to the Chapter 13 office to participate as a general unsecured claimant. Failure of the claimant to either liquidate the 1994 Four Winds boat and file a documented deficiency claim within said time or release the lien against the title and forward the title to the Chapter 13 office within said time shall result in the

release of the 1994 Four Winds boat being in full satisfaction of the debtors' liability under the contract.

After receiving a copy of the confirmation order on December 18, 1996, NationsBank elected to liquidate the boat. On January 6, 1997, NationsBank issued instructions for the boat to be repossessed. On or about January 9, 1997, the boat was repossessed which occurred when the male Debtor voluntarily surrendered possession of the boat when requested to do so by NationsBank. NationsBank elected to sell the boat through a boat broker located in Georgia and caused the boat to be transported to the boat broker's place of business in Georgia. The boat was sold by the boat broker on or about February 18, 1997, and the net proceeds from the sale of the boat were forwarded to NationsBank. On March 28, 1997, which was 112 days after the date of the entry of the confirmation order, NationsBank filed a deficiency claim in the amount of $13,534.79. On April 23, 1997, the Trustee filed the motion to disallow the NationsBank claim on the ground that it was late filed because filed more than 90 days after the date of the order confirming the Debtors' plan.

## ANALYSIS

It is undisputed that the confirmation order required that any deficiency claim by NationsBank be filed on or before March 6, 1997, and that NationsBank received a copy of the confirmation order no later than December 18, 1996. It likewise is undisputed that NationsBank failed to comply with this filing deadline and filed its deficiency claim 22 days after the deadline. In opposing the Trustee's motion to disallow the claim because of this late filing NationsBank relies upon Rule 9006 of the Bankruptcy Rules of Procedure. NationsBank argues that the court should extend the time for NationsBank to file its deficiency claim pursuant to subsection (b) of Rule 9006 which empowers the bankruptcy court to extend the time for filing claims or taking other actions "where the failure to act was the result of excusable neglect" even where the request for the extension of time is made after the time has expired.

■ The standard for determining whether "excusable neglect" exists is found in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer*, the Supreme Court adopted a two-prong test for determining whether to extend the time to file an untimely proof of claim based upon "excusable neglect." First, the court must determine whether the movant's failure to act constitutes neglect or is the result of neglect. If so, the court must then determine whether the neglect is excusable.

■ Under the decision in the *Pioneer* case, the determination of when neglect is excusable "is at bottom an equitable one, taking account of relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. at 1498. The circumstances which should be considered in making such determination include: (a) the danger of prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith.

■ A creditor seeking to extend the bar date pursuant to Bankruptcy Rule 9006 bears the burden of proving excusable neglect by a preponderance of the evidence. *See In the Matter of Bulic*, 997 F.2d 299, 302 (7th Cir.1993); *In re Houbigant, Inc.*, 188 B.R. 347, 354 (Bankr.S.D.N.Y.1995); *In re Dartmoor Homes, Inc.*, 175 B.R. 659, 665 (Bankr.N.D.Ill.1994); *In re Specialty Equipment Companies, Inc.*, 159 B.R. 236, 239 (Bankr.N.D.Ill.1993).

■ In the present case, the Bank's evidence shed very little light on why the claim in this case was filed late. However, there was no evidence that a conscious decision was made not to file a claim and, therefore, even though the evidence was weak, the court concludes that the failure to file the claim within 90 days was the result of neglect on the part of the Bank. This leaves the question of whether the Bank carried the burden of showing that the neglect was excusable which, in turn, requires that the

court consider the factors referred to in the *Pioneer* case.

▮ It weighs in favor of NationsBank that NationsBank acted in good faith with respect to the filing of its claim. However, the other circumstances or factors involved in this case weigh against allowing a late filed claim by NationsBank. The factor involving the danger of prejudice to the Debtor or other parties in interest weighs in favor of the Debtors and the Trustee in the present case. Under the confirmed plan, the Debtors are obligated to pay 100% to their unsecured creditors by means of a monthly payment of $1,210.00. If the late filed claim of the Bank is allowed, there is a risk of prejudice either to the Debtors or to the other unsecured creditors. The allowance of the late filed claim will increase the pool of unsecured creditors by some $13,535.79. This will require either that the Debtors increase the amount of their monthly payment or extend the length of the payments or that the 100% dividend for unsecured creditors be reduced to less than 100%. This circumstance weighs against extending the time for the filing of the NationsBank claim in the present case. *See, In re Lee Way Holding Co.*, 178 B.R. 976, 986 (Bankr.S.D.Ohio 1995) ("Creditors filing timely claims are entitled to enjoy an increased dividend not settle for a lower dividend based on [the tardy claimant] suddenly springing to action."); *In re R.H. Macy & Co. Inc.*, 161 B.R. 355, 361 (Bankr.S.D.N.Y.1993) ("Extending the bar date to allow any of the Movants to file a proof of claim could result in the depletion of assets which would otherwise be available for distribution to creditors who have filed timely proofs of claim. This factor therefore weighs in favor of the debtor."); *In re Rose's Stores, Inc.*, 165 B.R. 410, 412 (Bankr. E.D.N.C.1994) ("The debtor is self-insured up to $250,000.00, and the allowance of the claim would directly affect the debts owed by the estate and prejudice other creditors who timely filed claims.").

▮ The factor involving the reason for the delay, including whether it was within the reasonable control of the movant, also weighs in favor of the Debtor and the Trustee. The evidence offered by the Bank provided very little information regarding why the claim was not filed. The Bank employee who testified was unable to provide any explanation as to why the Bank did not file its claim. Certainly, there was no evidence that the failure to file a timely claim was not within the reasonable control of the Bank. Without some evidence tending to explain why the claim was filed late, it is difficult for the court to conclude that the neglect in failing to file the claim should be treated as excusable. In discussing the requirements of the *Pioneer* case, the Fourth Circuit stated in *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530 (4th Cir.1996), that the most important of the factors identified in *Pioneer* for determining whether "neglect" is "excusable" is the reason for the failure to make a timely filing. In the present case, there being no showing by NationsBank as to why the claim was not filed in a timely manner, this factor weighs heavily against NationsBank.

Finally, regarding the impact of allowing the late filed claim on the judicial process, it is important to recognize that the claims bar date in a Chapter 13 case is not merely a procedural gauntlet. It serves a useful and important purpose because it allows parties in interest to determine the identity of those making claims against the estate and the amount of those claims. It is important that this information be available at the early stages of a Chapter 13 case. Adherence to the bar date promotes this important policy. However, such purpose would be undermined to a significant degree if bankruptcy courts were to permit late filed claims where there is no explanation of why the claim was filed late nor any excuse offered for the late filing. To treat such late filed claims the same as claims which are timely filed would undermine the effectiveness of the bar date and have a negative impact in Chapter 13 cases.

Having considered all of the foregoing factors and having weighed the equities which favor allowing the late filing of the claim against the equities which favors sustaining the Trustee's motion to disallow the claim, the court has concluded that there has been no showing of excusable neglect in this case and further concludes that the bar date

should not be extended to permit the late filing of the NationsBank claim.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that the motion to disallow the claim of NationsBank in the amount of $13,535.79 shall be and the same hereby is granted and said claim is hereby disallowed.