# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2307

_____

|  |  |  |
|---|---|---|
| In re: Howard J. Danzig; In re: Myra Danzig, | * * * | |
| Debtors, | * * | |
| Robert L. Guy; Anna K. Guy, | * * * | On Appeal from the United States Bankruptcy Appellate Panel for the Eighth Circuit. |
| Appellants, | * * | [To Be Published] |
| v. | * * | |
| Howard J. Danzig, | * * | |
| Appellee. | * | |

_____

Submitted:  June 9, 2000
Filed:  June 20, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Robert L. and Anna K. Guy appeal a decision of the Bankruptcy Appellate Panel (BAP) affirming the Bankruptcy Court's[1] denial, as untimely, of their petition for a writ

_____

[1]The Honorable James J. Barta, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

of scire facias. Howard Danzig filed for Chapter 7 bankruptcy in August 1985. The Guys then brought an 11 U.S.C. § 523(c) action to determine the dischargeability of a debt. Ultimately, the parties entered into a non-dischargeable consent judgment, which the Bankruptcy Court approved and entered on September 16, 1987.

On September 17, 1997, the Guys filed a petition for a writ of scire facias to revive the Bankruptcy Court's September 16, 1987, judgment, which the Bankruptcy Court denied, concluding that because ten years had elapsed, Missouri law presumed Danzig had paid and satisfied the consent judgment. The Bankruptcy Court subsequently denied the Guys' Federal Rule of Bankruptcy Procedure 9023 motions to alter or amend its order, in which the Guys advanced tolling arguments. The BAP affirmed, 223 B.R. 85 (B.A.P. 8th Cir. 1999), and the Guys appeal.

The Bankruptcy Court correctly denied the Guys' scire facias petition and Rule 9023 motions. Missouri law presumed Danzig had paid and satisfied the consent judgment on September 16, 1997. See MO. REV. STAT. § 516.350(1) (West Supp. 2000) (presuming judgments older than 10 years conclusively paid and satisfied, and prohibiting all suits to enforce judgment after 10-year period has expired); Mo. R. Civ. P. 44.01(a) (in computing any period of time described or allowed by rule or statute, period begins to run day after event triggering period, ending on--and including--last day of period); In re Keltner, 718 S.W.2d 666, 667 (Mo. App. 1986) (under Rule 44.01(a), date on which to apply for writ of scire facias on August 8, 1974, judgment was August 8, 1984). Although the Guys argue otherwise, 11 U.S.C. § 362 (the automatic stay) did not toll the time for filing their petition for a writ of scire facias under Missouri law, because their petition was merely a continuation of their original section 523(c) action, which was expressly exempted from the automatic-stay protections. See Fed. R. Bank. P. 4007(c) (permitting complaints to determine dischargeability of debts); In re Embry, 10 F.3d 401, 404 (6th Cir. 1993) (execution of nondischargeable judgments does not violate automatic stay); State ex rel. Silverman v. Kirkwood, 239 S.W.2d 332, 334-335 (Mo. 1951) (en banc) (proceeding by issuance

of writ of scire facias is not new action, but "special proceeding" in continuance of and ancillary to former suit in which judgment was obtained).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.