In re the MARRIAGE OF Charlene KELTNER, Petitioner-Respondent,

and

Paul W. Keltner, Respondent-Appellant.

No. 14315.

Missouri Court of Appeals, Southern District, Division One.

Nov. 5, 1986.

James A. Miller, P.C., Springfield, for petitioner-respondent.

John R. Lewis, Springfield, for respondent-appellant.

A.J. SEIER, Special Judge.

On August 8, 1974, the Circuit Court of Greene County, Missouri, by decree, dissolved the marriage of Charlene Keltner (hereinafter referred to as respondent) and Paul Keltner (hereinafter referred to as appellant) and ordered appellant to pay the sum of $200 per month as child support beginning August 1, 1974. Thereafter, on August 8, 1984, at 8:30 a.m., respondent filed a motion to revive the August 8, 1974, judgment. The motion was immediately considered by the trial court and a writ of

scire facias was executed and filed with the clerk on August 8, 1984, at 9:50 a.m.

The sole question submitted to this court by the parties is when the ten-year period provided in § 511.370 [1] begins to run. Neither party has cited a case dispositive of the issue, and research has revealed none.

Appellant contends that the trial court erred in the issuance of the writ of scire facias on August 8, 1984, in that the writ was issued more than ten years from the date of the rendition of the judgment. He alleges that because the original judgment was entered on August 8, 1974, that date is included in the ten-year period and, therefore, the time limit for the issuance of a writ of scire facias expired at 11:59 p.m. on August 7, 1984. Appellant concludes that since the lien of a judgment under § 511.-360 "... shall commence on the day of the rendition of the judgment ..." that the ten-year limitation under § 511.370 should also begin on the date of rendition thereby including that date in the computation of the ten-year period.

Rule 44.01(a) states, in part: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run *is not to be included.* The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday...." (Emphasis added.)

Appellant's argument fails because §§ 511.360 and 511.370 are statutes dealing with two separate matters. Section 511.-360 deals with the commencement, extent and duration of the lien, whereas § 511.370 sets the time to revive a judgment and lien by writ of scire facias. Appellant's further argument that time should be computed by determining the actual ten-year period by calculating the time period in hours and minutes is unnecessary, confusing, and would complicate the computation of time.

We hold that Rule 44.01(a) is controlling and that the date on within which to apply for and obtain a writ of scire facias on the August 8, 1974, judgment was August 8, 1984. Since appellant fails to cite any authority to the contrary, or to demonstrate an exception to the rule, we affirm the trial court's decision.

GREENE, P.J., and BELT, Special Judge, concur.

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978.