**In re Richard Allen BUNT and Susette Lynne Bunt.**

**Bankruptcy No. 93–42368S.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

March 15, 1994.

Randell Templeton, Little Rock, AR, for creditors.

Grisham Phillips, Little Rock, AR, for debtors.

A.L. Tenney, Chapter 13 Trustee.

## ORDER OVERRULING OBJECTION TO CONFIRMATION AND DENYING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Objection to Confirmation and the Motion to Dismiss, both filed on December 23, 1993, by the creditors C.W. and Inge Fetner. Hearing on the issues was held on February 1, 1994, after which the parties submitted post-trial briefs to the Court. The debtors' response brief was filed on March 2, 1994, whereupon the matter was taken under submission by the Court.

The pertinent facts are not in dispute. The debtors entered into an agreement with the Fetners in 1989, to purchase certain residential property in Saline County. When the debtors failed to make their payments, the Fetners sued for recision of the contract. The case was heard in the state court and a letter opinion setting forth findings of fact and conclusions of law was signed by the court on October 29, 1993, rescinding the land sale contract. Prior to entry of judgment in favor of the creditors, the debtors filed their Chapter 13 petition in bankruptcy, on November 12, 1993.[1]

The plan proposed to pay the Fetners the monthly contract payments, plus a sum to cure the arrearage. The Fetners objected to confirmation of the plan, arguing that the letter issued by the state court constituted a final judgment such that the debtors may not cure the default pursuant to 11 U.S.C. § 1322.[2]

The threshold issue for the Court is whether the debtors owned an interest in the subject property on the date of filing of the petition. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). While federal bankruptcy law determines the effect of legal or equitable interests in property, *N.S. Garrott & Sons v. Union Planters National Bank (In re N.S. Garrott & Sons )*, 772 F.2d 462, 466 (8th Cir.1985), the Court looks to state law to determine the nature and extent of the interest, *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re N.S. Garrott & Sons*, 772 F.2d at 466. Accordingly, Arkansas law determines the nature and extent of the debtor's interest in the property.

The Fetners argue that a recent Arkansas statute makes the state court's ruling of rescission effective for all purposes as of the date the findings were issued such that the contract was rescinded prior to the filing of the bankruptcy petition. The debtors argue that since no judgment or order was entered prior to the filing of the bankruptcy, the determination was not final such that their interest in the property, and the land-sale contract, is property of the estate.

As a general rule, a judgment or order is not effective until such time as it is "entered" on the clerk's docket book.[3] Ark.

---

1. Although the state court judge signed an order on November 23, 1993, that order was never filed due to the bankruptcy stay. 11 U.S.C. § 362.

2. Section 1322(b) permits cure of defaults as follows:
   (b) Subject to subsections (a) and (c) of this section, the plan may—
   (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; * * *
   (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending

on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due. 11 U.S.C. § 1322(b)(2), (b)(5). Thus, a debtor whose mortgage is in default may cure the arrearage over the life of the plan, and thereby maintain the mortgage. *See generally Thorpe v. Jones (In re Jones )*, 54 B.R. 697 (Bankr.E.D.Ark. 1985).

3. "Entry" of a document is distinct from "dated" or "filed." The term "dated" refers to the date the judge signs the order. A document is "filed" on the date the clerk file-stamps it. A document is "entered" when it is actually recorded on the docket sheet or book by the clerk. *See generally National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218 (S.D.Fla.1989).

R.Civ.Proc. 58; Admin. Order No. 2. The entry date is the generally the legally operative date from which a party must take some action with respect to the order. For example, time for filing a motion for new trial, Ark.R.Civ.Proc. 59, runs from the date of entry of the judgment, as does an appeal of the order, Ark.R.App.Proc. 4. The entry date is the important date for it to be legally effective because it is on that date that notice is given of the order. Until "entry," the order is in the administrative process, not in the court file, nor noted on the docket book. Thus, as a general rule, no order is "effective" until such time as it is "entered." Ark. R.Civ.Proc. 58 ("A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2.")

In contrast to this logical procedure, well-established in the courts of this nation, including Arkansas, the Arkansas legislature recently enacted the following law:

> All judgments, orders, and decrees rendered in open court by any court of record in the State of Arkansas are effective as to all parties of record from the date rendered and not from the date of entry of record.

Ark.Code Annot. 16–65–121 (Supp.1993). This Court has found no published Arkansas cases which refer to this statute.

■ This statute is ineffective to render the judgment "final" for purposes of this case for two reasons. First, the statute requires that the order be issued "in open court" in order for it to be immediately effective. "Open court" refers to the proceedings and acts taken by parties and the court in the courtroom and on the record.[4] A letter signed by the judge on his letterhead, delivered to the parties through the United States mail does not constitute "open court."

■ The application of this statute must also be limited by the language "effective as to all parties of record." This language implies, at least, a directive that the parties to the action must act in accord with the directives issued to them, in open court, by the presiding judge. The parties are clearly on notice of the directives, just as if the order had been "entered" by the clerk. Thus, it is logical that the individuals or entity parties, having been told the decision by the decision-maker, be required to behave, outside the courtroom, in a manner consistent with that ruling.

That is not to say that the parties must take actions to preserve appeal rights or other procedures permitted under the rules of procedure from the date of a ruling in open court. To construe the statute in this manner, as urged by the Fetners, would create not only a direct conflict with Rule 58, but also procedural chaos. Since the courts must avoid an interpretation that results in contradictory laws or absurd results, *Ragland v. Alpha Aviation, Inc.*, 285 Ark. 182, 686 S.W.2d 391, 392 (Ark.1985), this Court rejects the interpretation urged by the Fetners.

■ The application of section 16–65–121 must therefore be limited, as its language suggests.[5] It does not affect, legally or equitably, any persons other than the parties to the litigation. A letter from the judge, or an announcement in open court, until reduced to an order and properly entered by the clerk, does not create or terminate legal or equitable rights that exist under the law. Thus, even had the decision been rendered in open court, the statute would not alter the legal fact that a final judgment had not been "entered." Since no judgment had been "entered" rescinding the contract. The debtors, on the date they filed their petition-in-bankruptcy, had an interest in the subject property. Accordingly, it is appropriate for the plan to provide for treatment of that interest.

**ORDERED** that the Motion to Dismiss, filed on December 23, 1993, is DENIED. The Objection to Confirmation, filed on December 23, 1993, is OVERRULED. It is

---

4. Arkansas rules also require that hearings be open to the public, unless otherwise provided by law. Ark.R.Civ.Proc. 77(b).

5. The ambiguous term "rendered" also provides fruitful argument to litigants who wish to avoid the effect, whatever it may be, of the statute.

**FURTHER ORDERED** that the Chapter 13 Trustee shall submit his order confirming the plan.

**IT IS SO ORDERED.**