In re the MARRIAGE OF Carl RONOLLO and Virginia Ronollo.

Carl RONOLLO, Petitioner/Respondent,

v.

Virginia RONOLLO, Respondent/Respondent.

Richard Jacobs, Movant/Appellant.

No. 69951.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 10, 1996.

---

2. *See Siegenthaler v. Siegenthaler,* 761 S.W.2d 262, 266 (Mo.App. E.D.1988).

Richard Jacobs, St. Louis, Pro Se.

John W. Moticka, Greensfelder, Hemker & Gale, P.C., St. Louis, for Petitioner/Respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Richard Jacobs, former wife's attorney in a dissolution action, appeals the judgment of the trial court dismissing his motion for contempt and execution against the former spouses for failure to pay attorney's fees. We affirm.

The marriage of Virginia Ronollo (former wife) and Carl Ronollo (former husband) was dissolved on March 18, 1981. In the dissolution decree, the court found Jacobs was entitled to a reasonable attorney's fee of $5,000.00. Former husband had already paid $2,600.00; the dissolution decree provided that wife was to pay the balance of $2,400.00 plus costs of $75.00 out of her share of the proceeds from the sale of the family residence. The residence was to be listed for sale immediately at $70,000.00 and sold within a reasonable time on the open market. If the house was not sold within a reasonable time, the court would order the house sold at a public sale. The property was never sold. Jacobs did not ask for a public sale or revive the judgment for fees within ten years after entry of the judgment.

On November 1, 1995, fourteen years after entry of the judgment, Jacobs filed a motion for contempt and for execution, asserting that the former spouses failed and refused to sell the property within a reasonable time as ordered by the dissolution court and that former wife had not paid the attorney's fees and costs ordered in the dissolution decree. Former wife filed a legal memorandum in opposition to the motion asserting the motion should be denied because the dissolution decree was more than ten years old and Jacobs' fees were conclusively presumed paid under § 516.350 RSMo 1994. The trial court dismissed the motion.

Section 516.350 RSMo 1994 provides in relevant part:

> Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof ... and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

On appeal Jacobs argues that the presumption of payment in § 516.350 does not apply because he did not have a cause of action until February 12, 1986, when the former spouses took the house off the market. Thus, he argues, the ten year period under § 516.350 began in 1986, not in 1981. We disagree.

Section 516.350 unequivocally provides for a conclusive presumption that every judgment, order, or decree of any court of record is presumed to be paid and satisfied

ten years from the date it was rendered. *Hedges v. McKittrick,* 153 S.W.2d 790, 793 (Mo.App.1941) (construing § 886 RSMo 1929). Even if the attorney's fee did not become due during the ten year period because the fee was ordered paid out of proceeds of property that was never sold, the presumption applies unless the judgment for fees is revived. *Id.* The ten years runs from the date of judgment, not the date the judgment becomes collectible. Since Jacobs did not revive his judgment within ten years of its entry, he may not bring any type of action to collect or enforce it now.

Jacobs' reliance on *Schmidt v. Schmidt,* 617 S.W.2d 601 (Mo.App.1981) is misplaced. In *Schmidt* we held that the ten year period set out in § 516.350 was tolled by § 516.280 where the judgment creditor could not obtain service on the judgment debtor to commence a revival proceeding because the judgment debtor concealed himself. Here there was no allegation that the former spouses concealed themselves or prevented Jacobs from reviving the judgment.

Jacobs also argues that the doctrines of laches and unclean hands bar or estop former wife from raising § 516.350 in defense of his motion because the former spouses failed to sell the residence within a reasonable period of time. This argument has no merit. Laches and unclean hands are equitable defenses which are not available to Jacobs to avoid the statutory bar to his claim.

The judgment of the trial court is affirmed.