# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 97-6100EM

---

In re:                                        *
                                              *
Russell Charles Forbes,                            *
                                              *
      Debtor.                          *
                                              *
                                              *     Appeal from the United
States
Grace M. Forbes,                               *     Bankruptcy Court
for the
                                              *     Eastern District of
Missouri
      Appellant,                          *
                                              *
         v.                      *
                                              *
Russell Charles Forbes,                            *
                                              *
      Appellee.                            *

---

Submitted: January 13, 1998
Filed: February 19, 1998

---

Before KRESSEL, William A. HILL, and DREHER, Bankruptcy
Judges.

---

KRESSEL, Bankruptcy Judge.

Grace Forbes appeals from an order of the bankruptcy court[1] entering a discharge of her former husband, Russell Charles Forbes, and an order denying her Motion to Vacate Order Discharging Debtor and Motion to Reopen Case. We affirm.

## BACKGROUND

This appeal involves the latest in the acrimonious litigation between Grace and Russell Forbes following their divorce.[2] The issue presently before the court concerns an unresolved two-year-old motion to dismiss.

In May of 1995, Grace made a motion to dismiss Russell's Chapter 13 case or, in the alternative, to declare her marital property claim non-dischargeable.[3] The bankruptcy court held a hearing on the motions on June 15, 1995. At the hearing, the court directed Russell to list the property for sale and to make a motion for approval of the sale once a buyer was located. The court indicated that it would entertain the dismissal motion in conjunction with the motion to convey real estate. Both parties agreed to the indefinite continuance. A buyer was subsequently obtained, a hearing was held to approve the sale and the sale was approved.[4] However, the parties neglected to reset the motion to dismiss on the court's calendar. The bankruptcy court subsequently approved Russell's modification of his plan.[5]

When the trustee reported to the court that Russell had completed all payments contemplated by the modified plan, the bankruptcy court entered an order discharging the

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]A more detailed history of the bankruptcy case can be found in our earlier opinion in Forbes v. Forbes, 215 B.R. 183 (B.A.P. 8th Cir. 1997) (Forbes I).

[3]The parties' divorce decree awarded Grace $65,000.00 secured by a lien on two parcels of real estate owned by Russell.

[4]We affirmed the bankruptcy court's approval of the sale in Forbes I.

[5]We also affirmed the bankruptcy court's approval of the modified plan in Forbes I.

debtor on July 30, 1997.  Grace subsequently moved to vacate the discharge order and to reopen the case.[6]  On September 25, 1997, the court denied the motion.[7]

## DISCUSSION

On appeal, Grace argues that the bankruptcy court's failure to rule on her motion to dismiss violated her constitutional rights and entitles her to relief from judgment under Fed. R. Civ. P. 59 and 60.  We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  Fed. R. Bankr. P. 8013; First Nat'l Bank of Olathe v. Pontow, 111 F.3d 604, 609 (8th Cir. 1997); Chamberlain v. Kula (In re Kula), 213 B.R. 729, 735 (B.A.P. 8th Cir. 1997).  The clear error test is met when the reviewing court is left with the "definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

### Mootness

We note at the outset that Grace's motion to dismiss was rendered moot by the discharge entered on July 30, 1997.  11 U.S.C. § 1328(a) specifically compels the entry of a discharge once the debtor has made all payments under the plan:

> As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge. . . .

11 U.S.C. § 1328(a).[8]

---

[6]Although the motion did not articulate a basis for vacating the discharge order, a subsequent memorandum obliquely referred to Fed. R. Bankr. P. 9023 and 9024, which incorporate Fed. R. Civ. P. 59 and 60 into bankruptcy cases.

[7]The court's order also denied Grace's post-discharge "Motion for Leave to File a Claim After the Bar Date."  Grace does not challenge this portion of the order on appeal.

[8]While the statute contains one exception to the prompt entry of discharge, there is no exception in situations where a motion to dismiss is pending.

While it is troubling that the bankruptcy court never ruled on Grace's motion to dismiss, the record does not reveal any effort on Grace's part to seek a hearing or call the pending motion to the court's attention, or to otherwise obtain a decision on the motion to dismiss.[9]  Grace knew that Russell's modified plan provided for him to make a payment of $22,800.00 to complete his payment obligations.  Once this was done, she knew or should have known that the discharge would be entered immediately.  She neither sought nor obtained any sort of stay of the order approving Russell's modified plan, nor any delay in the entry of Russell's discharge.  In other words, even though Grace was entitled to be heard, her inaction resulted in her motion becoming moot.

### Constitutional Arguments

Grace contends that the bankruptcy court's entry of the discharge order when her motion to dismiss was still pending violated her rights to due process and equal protection under the Fifth and Fourteenth Amendments of the United States Constitution.  Even if the motion to dismiss was not moot, we note that Grace's constitutional arguments were never raised in the bankruptcy court when she made her motion to vacate the discharge order.  It is axiomatic that an appellate court will not consider arguments on appeal that were never presented to the trial court.  Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed.").  Therefore, we do not consider her constitutional arguments on appeal.

### Entitlement to Discharge

Grace also makes the somewhat metaphysical argument that, since her motion to dismiss was still pending, a plan did not really exist and therefore the debtor did not really

---

[9]We concentrate on that portion of the undecided motion which seeks dismissal of the debtor's case.  Any request to determine the dischargeability of Grace's debt should be brought by complaint if brought in the bankruptcy court and, as far as we are able to determine, is neither time-barred nor mooted by the entry of Russell's discharge.

complete payments under the plan and so was not entitled to a discharge. This argument, while imaginative, does not comport with any provision of the Bankruptcy Code. Notwithstanding a pending motion to dismiss, the debtor's plan is still a plan and confirmation of that plan still constitutes confirmation.

Federal Rules of Civil Procedure

Grace also contends that she is entitled to relief from the discharge order under Rules 59 and 60 of the Federal Rules of Civil Procedure. We review the bankruptcy court's denial of Grace's Rule 59 and Rule 60 motions under an abuse of discretion standard. See Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990) (abuse of discretion standard applied to Rule 59(e) motion); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (abuse of discretion standard applied to Rule 60(b) motion).

Rule 59

Grace invokes Fed. R. Civ. P. 59 as a basis for her motion to vacate. Rule 59 allows a party seeking relief to obtain either a new trial or an amended judgment. Whether Grace is seeking a new trial under Rule 59(a) or an amended judgment under Rule 59(e), the rule is inapposite in this case. There never was a trial on the issue of discharge nor is it clear what kind of amended judgment would be entered. We conclude that the bankruptcy court did not abuse its discretion in denying Grace relief under Fed. R. Civ. P. 59.

Rule 60(b)(1)

Lastly, Grace seeks relief under Fed. R. Civ. P. 60(b). Under the rule, a court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Grace contends that the bankruptcy court's failure to rule on her pending motion to dismiss constitutes "mistake" under the rule. It is clear that judicial oversight can provide grounds for Rule 60(b)(1) relief. Spangle v. Ming Tah Elec. Co., 866 F.2d 1002, 1003 (8th Cir. 1989) ("[W]e recognize that rule 60(b)(1) can be used to obtain relief from judgments entered through judicial inadvertence."); CRI, Inc. v. Watson, 608 F.2d 1137, 1143 (8th Cir. 1979)

5

("In this circuit, relief may be granted under Rule 60(b)(1) for judicial error when inadvertence is shown.").

However, relief from judgment under Rule 60(b)(1) is an extraordinary remedy "which may be granted only upon an adequate showing of exceptional circumstances." United States v.Young, 806 F.2d 805, 806 (8th Cir. 1986). Rule 60(b)(1) relief will not be granted merely upon a showing of mistake. The movant must establish a meritorious defense, lack of prejudice to the plaintiff and freedom from culpability. Hoover v. Valley West D M, 823 F.2d 227, 230 (8th Cir. 1987). We have already determined that the Bankruptcy Code required entry of the discharge and that Grace bears some measure of the blame by failing to press her dismissal motion. Therefore, we conclude that the bankruptcy court did not abuse its discretion in refusing to vacate the discharge order.

## CONCLUSION

Since we conclude that the entry of the court's discharge was appropriate and that it did not abuse its discretion in refusing to vacate the order of discharge, we affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.