**In re Howard J. and Myra DANZIG, Debtors.**

**Robert L. and Anna K. Guy, Plaintiffs–Appellants,**

v.

**Howard J. Danzig, Defendant–Appellee.**

**BAP No. 98–6096EM.**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted March 25, 1999.

Decided April 20, 1999.

Canice Timothy Rice, Jr., St. Louis, Missouri, for appellant.

Howard J. Danzig, St. Louis, Missouri, appellee pro se.

Before KRESSEL, HILL, and SCOTT, Bankruptcy Judges.

HILL, Bankruptcy Judge.

Appellants Robert L. and Anna K. Guy ("Guys"), appeal the Orders of the bankruptcy court[1] denying their Petitions for Revival of Judgment against Debtor Howard Danzig ("Danzig") as being time-barred, and its Order denying their Motions to Alter or Amend Judgment or for New Trial. We affirm in all respects.

## I. BACKGROUND

The facts of this matter are straightforward and undisputed. Danzig filed his petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., on August 5, 1985. On November 26, 1985, the Guys filed a Complaint to Determine Dischargeability of Debt, alleging therein that Danzig "obtained money from [them] by false representations and/or actual fraud."

On September 16, 1987, Danzig and the Guys entered into a Consent Judgment, agreeing to a nondischargeable judgment in favor of the Guys in the amount of $6,200.00 and also to bear their respective "costs incurred by reason of this action." On September 16, 1987, the bankruptcy court approved the Consent Judgment, which was duly entered into the record.

On September 17, 1997, the Guys filed a Petition for Writ of Scire Facias to Revive Judgment against Danzig, in which they stated as follows:

Comes now plaintiff [sic] and for their petition for writ of scire facias to revive judgment, state as follows:

1. On September 16, 1987, this court entered judgment in favor of plaintiff against defendant Howard Danzig in the sum of Six Thousand Two Hundred and 00/100 Dollars ($6,200.00) and for his costs.

2. That plaintiff [sic] has not received satisfaction of said judgment.

WHEREFORE, plaintiff [sic] prays that said judgment be revived and that the lien of said judgment upon the land and tenements and real estate of said Howard Danzig may be revived and continued as provided by law.

On December 11, 1997, the bankruptcy court held a hearing in the matter. Subsequently, on February 6, 1998, it entered an Order denying the Petition as time-barred, stating, in pertinent part, as follows:

It is clear from the court record that the original Bankruptcy Court order for the consent judgment was dated and entered on September 16, 1987. That being so, pursuant to Rule 44.01(a) [of the Missouri Rules of Civil Procedure], the ten years for the collection of the judgment expired the moment before midnight September 16, 1997. The Petition for Writ of Scire Facias to Revive a Judgment was filed September 17, 1997.... The ten-year period having expired prior to the filing of the writ, the judgment is presumed to be paid and satisfied, and cannot be revived in this proceeding.

On February 12, 1998, the Guys filed yet another Petition for Writ of Scire Facias to Revive Judgment, identical in all pertinent respects to the first. On February 19, 1998, the bankruptcy court entered an Order denying the Guys' second Petition, which the court found "state[d] no basis in law or fact in the record for the Court to reconsider the matter."

 Subsequently, the Guys filed a Motion to Alter or Amend Judgment or for New Trial[2] dated February 14, 1998, stating as follows:

---

1. The Honorable James J. Barta, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

2. Both this and a later resubmission of the motion were captioned, "Motion for Reconsideration and/or for New Trial and/or for Amendment of Judgment." The Federal

Come now plaintiffs, and pursuant to Rule 9023, move the Honorable Court to reconsider and set aside its order of February 6, 1998 herein.

As grounds therefor, plaintiffs state as follows:

1. The ten year period within which plaintiffs are permitted to renew this judgment was tolled for a period of almost five months, from the date of judgment, September 16, 1987, until the automatic stay was lifted by the order discharging Debtors, entered on February 12, 19[88]. Thus, plaintiffs [sic] filing on September 17, 1997 of their petition for writ of scire facias was timely.

2. If there have been payments entered on the record, the ten year period within which to renew the judgment is measured from the most recent payment. The court file reflects several payments, with the latest in 1997. For this reason as well, the petition for writ of scire facias was filed in time.

The Motion was received and filed in the Clerk's Office of the United States Bankruptcy Court for the Eastern District of Missouri on February 14, 1998, but was not received in the Chambers of the bankruptcy court until after the entry of its Order of February 19, 1998.

The bankruptcy court did not enter an Order formally disposing of the February 14 Motion. Subsequently, on February 27, 1998, the Guys resubmitted their Motion,[3] which was in all relevant aspects identical to the first. On October 15, 1998, the bankruptcy court denied the February 27 Motion, holding that the automatic stay does not toll the time period permitting a revival of judgment, and further, that no payments were entered on the record during the ten years after the entry of the Consent Judgment so as to provide for its revival pursuant to Mo.Rev.Stat. § 516.350. In particular, the court stated as follows in this connection:

[Mo.Rev.Stat. § ]516.350(1) provides that the ten-year limitation period begins to run when the judgment is entered and not when the debt becomes enforceable and that there is no tolling period when the debts are uncollectible.

The extension of time as provided under 11 U.S.C. § 108(c) does not toll the statute of limitations, but rather operates to suspend deadlines as provided in

Rules of Civil Procedure do not recognize a "motion to reconsider." *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir.1988) ("[A] self-styled 'motion for reconsideration' ... is not described by any particular rule of federal civil procedure."); *accord Elsken v. Network Multi–Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir.1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). As the Guys made their motions pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, and through it Rule 59 of the Federal Rules of Civil Procedure, and drew into question the correctness of the bankruptcy court's judgments, we construe them as motions to alter or amend judgment or for a new trial. *See* Fed.R.Bankr.P. 9023; Fed.R.Civ.P. 59; *Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 749 (8th Cir.1996); *see generally Barger v. Hayes County Non–Stock Co-op (In re Barger)*, 219 B.R. 238, 244 (8th Cir. BAP 1998).

3. In its Order of October 15, 1998, the bankruptcy court discussed the events which led to the resubmission of the Motion of February 14, 1998, and the resubmission itself, as follows:

The Court entered an Order on February 6, 1998 denying the Plaintiff's [sic] Petition for Writ of Scire Facias to Revive Judgment filed on September 17, 1997. On February 12, 1998, the Plaintiffs' filed another Petition for Writ of Scire Facias to Revive Judgment with additional evidence to support their Petition. The Court entered an Order on February 19, 1998 denying the Plaintiffs' second Petition for Writ of Scire Facias. Prior to the entry of the Court's Order on February 19th, the Plaintiff's [sic] filed a separate Motion for Reconsideration and/or for a New Trial and/or for Amendment of Judgment.... However, the Plaintiffs' Motion ... was not received in Chambers before the Court's second Order denying the Plaintiffs' Writ of Scire Facias had been entered. The Plaintiffs then resubmitted their Motion for Reconsideration on February 27, 1998.

other federal or state statutes that may expire during the pendency of the bankruptcy proceedings.

. . . .

In the matter before the Court, the consent judgment for the Plaintiffs was entered by the Bankruptcy Court on September 16, 1987 while the automatic stay was in effect. The Plaintiffs were unable to collect on the judgment for approximately five (5) months before the case was discharged and the automatic stay lifted on February 12, 1988. There remained approximately nine (9) years and seven (7) months during which the Plaintiffs could collect on their judgment, and during which time they could have obtained a revival of judgment pursuant to [Mo.R.Civ.P.] 74.09[.] The period to collect or revive under the applicable nonbankruptcy law ran from the date of the entry of the original Bankruptcy Court judgment, and expired ten years after that date on September 16, 1997. As of September 16, 1997, the judgment was presumed to have been paid according to [Mo.Rev.Stat.] § 516.350. The statute of limitations was not tolled by the pendency of the Bankruptcy Case by either one day or five months as contended by the Plaintiffs.

. . . .

[Mo.Rev.Stat.] § 516.350 does provide for the revival of judgment by having a payment duly entered on the record within the ten years from the date of the original judgment. . . . However, the ten-year statute of limitations is not tolled even if actual payments are made or claimed to have been paid unless the payment is entered upon the record. . . . An entry made on the record by the judgment creditor's attorney more than ten years after the original judgment was entered does not toll the statute of limitations.

The Plaintiffs' claim that there were several payments made on the record during the ten-year period which would revive the judgment is not supported by the record in this case. The only payment duly entered on the record was a check sent from the garnishee to the Plaintiffs' attorney that was filed with the Court on October 6, 1997 and entered on October 7, 1997. Both of these dates were after the ten-year period following the original judgment entered on September 16, 1987. A writ of execution on a notice of garnishment is not the same as a "payment" entered on the record. The ten-year statute of limitations was not tolled by any payment duly entered on the record and the debt is presumed to be paid according to [Mo.Rev.Stat.] § 516.350.

(Citations omitted.) Subsequently, on October 23, 1998, the Guys filed their Notice of Appeal from the bankruptcy court's Orders of February 6, 1998, and February 19, 1998, denying their Petition for Writ of Scire Facias to revive their judgment against Danzig; and its Order of October 15, 1998 denying their Motion to Alter or Amend Judgment or for New Trial of February 27, 1998.

On appeal, they argue that the statutory time period in which they were permitted to seek a revival of judgment was tolled while the automatic stay prevented them from enforcing their judgment. In particular, they argue that § 108(c), alone, tolled the ten-year limitation period for the revival of their Consent Judgment in this matter, and that this provision also operates to toll the same time period under the nonbankruptcy law of the State of Missouri, such that their Petition for Revival was timely filed. Additionally, and for the first time in these proceedings, they raise the argument that Section 516.260 of the Missouri Revised Statutes tolled the ten-year limitation period. Lastly, and although conceding that they "do not explicitly mention any payments," the Guys argue that writs of garnishment related to this matter constitute payments entered on the record which operate to recommence the statute

of limitations such that their Petitions for Revival of Judgment were timely filed.

## II. DISCUSSION

### 1. Jurisdiction

■ We are duty-bound to raise, sua sponte, any issue arising in relation to our jurisdiction. *See Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley,* 112 F.3d 1332, 1334 (8th Cir.1997); *Ferren v. Searcy Winnelson Co. (In re Ferren),* 227 B.R. 279, 282 (8th Cir. BAP 1998). A loose thread in the proceedings below calls into question the timeliness of the Guys' Notice of Appeal. The matter is of critical import, as the time limits permitted for the filing a notice of appeal are "mandatory and jurisdictional." *Browder v. Director, Dep't. of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)); *accord Schwartz v. Pridy,* 94 F.3d 453, 455 (8th Cir.1996) (quoting *Browder* ); *FHC Enters., Inc. v. Drevlow (In re Drevlow),* 221 B.R. 767, 768 (8th Cir. BAP 1998). The untimely filing of a notice of appeal—be it either belated or, in certain instances, premature—deprives us of jurisdiction to review judgments of the bankruptcy court. *See Veltman v. Whetzal,* 93 F.3d 517, 520 (8th Cir.1996); *IRS v. Raymon (In re Ray-*

*mon),* 216 B.R. 626, 627 (8th Cir. BAP 1998).

The timeliness parameters with which we are here concerned are detailed in the Federal Rules of Bankruptcy Procedure. Rule 8001(a) requires an appeal to be taken "by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed.R.Bankr.P. 8001(a). In turn, Rule 8002(a) requires that a notice of appeal be filed within ten days of the date of the entry of the judgment, order, or decree appealed from the bankruptcy court. Fed. R.Bankr.P. 8002(a).

■ Exception to the ten-day limitation period lies in Rule 8002(b), which provides that the time for appeal is tolled by the filing of, inter alia, a timely motion to alter or amend the judgment, or for a new trial, under Rule 9023,[4] and that "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed.R.Bankr.P. 8002(b).[5] Thus, a pending tolling motion [6] operates to hold the time for appeal in abeyance. *See id.; see also In re Raymon,* 216 B.R. at 628 ("[A] notice of appeal filed before disposition of a pending post-judgment motion is ineffective to appeal the challenged judgment until entry of an order disposing of the last of such motions."). "This 'tolling process' encourages 'both correctness and finality.'" *Innova-*

---

**4.** Rule 9023, with an exception not relevant here, wholly incorporates Rule 59 of the Federal Rules of Civil Procedure. Fed. R.Bankr.P. 9023. In turn, Rule 59 allows parties ten days from the entry of judgment to file motions for a new trial or to alter or amend the judgment. Fed.R.Civ.P. 59(b), (e); *see Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.),* 999 F.2d 1221, 1224 (8th Cir.1993). In pertinent part, the rule provides as follows:

(b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

. . . .

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.
Fed.R.Civ.P. 59(b), (e).

**5.** Rule 8002(b) further provides, in pertinent part, that:

A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.
Fed.R.Bankr.P. 8002(b).

**6.** A tolling motion being a post-judgment motion specified in Rule 8002(b).

*tive Home Health Care, Inc. v. PT.–O.T.Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Jackson v. Schoemehl*, 788 F.2d 1296, 1298 (8th Cir.1986)).

The substance and sequence of events giving rise to our timeliness inquiry is as follows: The bankruptcy court denied the Guys' first Petition for Revival on February 6, 1998, but did not *expressly* deny their Motion to Alter or Amend or for New Trial of February 14, 1998. Subsequently, the bankruptcy court denied the Guys' second Petition for Revival on February 19, 1998, and, on October 15, 1998, also denied their second Motion to Alter or Amend or for New Trial. The Guys then filed their Notice of Appeal on October 23, 1998.

Both of the Guys' Motions to Alter or Amend or for New Trial were made pursuant to Bankruptcy Rule 9023. That the Motion of February 14, 1998 was not expressly disposed of raises the possibility that it remains outstanding. If indeed we were to find that it does, the Motion would continue to toll the appeal period and would thereby render the Guys' October 23, 1998 Notice of Appeal premature. As this matter now stands, a premature notice would constitute an ineffective notice and, thus, would deprive this Court of jurisdiction to entertain the Guys' appeal.

However, the following salient facts inform matters significantly: Although the bankruptcy court did not expressly rule on the Motion of February 14, 1998, it did enter judgment on February 19, 1998, denying the Guys' second Petition for Revival, *which was in all pertinent respects identical to the first;* and subsequently, on October 15, 1998, again entered judgment to deny the Guys' second Motion to Alter or Amend or for New Trial, *which also was in all relevant aspects identical to the first.* Thus all arguments and matters of law presented for the bankruptcy court's consideration under the first Motion to Alter or Amend or for New Trial were reiterated and disposed of by the court in its denial of the second Petition and again its denial of the second such Motion.

While it may well be the better practice to formally rule on all pending motions, "[t]he denial of a motion by the [trial court], although not formally expressed, may be implied by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994); *accord Johnson v. United States Treasury Dep't*, 27 F.3d 415, 417 (9th Cir.1994) (per curiam); *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991), *cert. denied*, 506 U.S. 822, 113 S.Ct. 74, 121 L.Ed.2d 39 (1992); *Toronto–Dominion Bank v. Central Nat'l Bank & Trust Co.*, 753 F.2d 66, 68 n. 5 (8th Cir.1985); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981); *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966); *Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 977 (8th Cir.), *cert. denied*, 380 U.S. 921, 85 S.Ct. 923, 13 L.Ed.2d 808 (1965). The bankruptcy court's Orders denying the Guys' second Petition and their second Motion to Alter or Amend or for New Trial are so inconsistent with their first Motion to Alter or Amend or for New Trial as to constitute its implicit denial. Accordingly, under the particular facts of this case, we conclude that the bankruptcy court implicitly denied the Guys' February 14, 1998 Motion to Alter to Amend or for New Trial, if not by the entry of its subsequent February 19, 1998 Order denying their second Petition, then certainly by the entry of its October 15, 1998 Order denying their second Motion to Alter or Amend or for New Trial. Consequently, the Guys' Notice of Appeal is effective to bring their challenges of the bankruptcy court's three judgments before us. We turn, then, to the merits of the Guys' appeal.

2. Standard of Review

We review the findings of fact of the bankruptcy court for clear error and its legal determinations de novo. *See O'Neal*

*v. Southwest Mo. Bank (In re Broadview Lumber Co.),* 118 F.3d 1246, 1250 (8th Cir.1997); *Natkin & Co. v. Myers (In re Rine & Rine Auctioneers, Inc.),* 74 F.3d 848, 851 (8th Cir.1996); *Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.),* 214 B.R. 197, 199 (8th Cir. BAP 1997); *see also* Fed.R.Bankr.P. 8013.[7] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *accord United States v. Garrido,* 38 F.3d 981, 984 (8th Cir.1994); *Chamberlain v. Kula (In re Kula),* 213 B.R. 729, 735 (8th Cir. BAP 1997).

We review a bankruptcy court's denial of a motion for new trial, or to alter or amend judgment, with deference, and will not reverse in either instance absent a clear abuse of discretion. *Forbes v. Forbes (In re Forbes),* 218 B.R. 48, 51 (8th Cir. BAP 1998); *see Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) ("The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court."); *United States v. Aldrich,* 169 F.3d 526, 528 (8th Cir.1999) (applying abuse of discretion standard of review to trial court's denial of motion for new trial); *United States v. Grey Bear,* 116 F.3d 349, 350 (8th Cir. 1997) (same); *Perkins v. U.S. West Communications,* 138 F.3d 336, 340 (8th Cir. 1998) (applying abuse of discretion standard of review to trial court's denial of motion to alter or amend judgment); *Anheuser–Busch, Inc. v. John Labatt Ltd.,* 89 F.3d 1339, 1349 (8th Cir.1996) (same), *cert. denied,* 519 U.S. 1109, 117 S.Ct. 944, 136

L.Ed.2d 833 (1997). An abuse of discretion will only be found where the trial court's judgment "was based on clearly erroneous factual findings or erroneous legal conclusions," *Mathenia v. Delo,* 99 F.3d 1476, 1480 (8th Cir.1996), *cert. denied,* 521 U.S. 1123, 117 S.Ct. 2518, 138 L.Ed.2d 1020 (1997), or "when necessary to avoid a miscarriage of justice," *Rockwood Bank v. Gaia,* 170 F.3d 833, 841–42 (8th Cir.1999).

### 3. Bankruptcy Court's Denials of the Guys' Petitions for Revival

#### i. 11 U.S.C. § 108(c)

■ Section 108(c) operates to extend time periods established for the commencement or continuation of civil actions which are stayed by 11 U.S.C. §§ 362, 922, 1201, or 1301. *See* 11 U.S.C. § 108(c); 2 *Collier on Bankruptcy* ¶ 108.04, at 108–12 (Lawrence P. King ed., 15th ed. rev.1999). In pertinent part, § 108(c) provides as follows:

> [I]f applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 ... of this title ... with respect to such claim.

11 U.S.C. § 108(c).

■ Contrary to the Guys' assertion that this provision operates to *independently toll* the statute of limitations in this matter, "[t]he reference in § 108(c) to 'sus-

---

7. Rule 8013 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013.

pension' of time limits *clearly does not operate in itself to stop the running of a statute of limitations;* rather, this language merely incorporates suspensions of deadlines that are expressly provided in other federal or state statutes." *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1073 (2d Cir.1993) (emphasis added); *accord Simon v. Navon,* 116 F.3d 1, 4 (1st Cir.1997); *Rogers v. Corrosion Prods., Inc.,* 42 F.3d 292, 296–97 (5th Cir.), *cert. denied,* 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995); *Mamer v. Apex R.E. & T.,* 852 F.Supp. 870, 872 (E.D.Mo.1994), *aff'd,* 59 F.3d 780 (8th Cir.1995); *cf. Waugh v. IRS (In re Waugh),* 109 F.3d 489, 493 (8th Cir.) (incorporating suspension of deadline expressly provided for in 26 U.S.C. § 6503(b) and (h) to toll three-year priority period of 11 U.S.C. § 507(a)(8)(A)(i) "for the time that the automatic stay prevents the IRS from collecting outstanding tax debts"), *cert. denied,* —— U.S. ——, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997). As the Guys have not directed the Panel's attention to any applicable federal nonbankruptcy law which might toll the statute of limitations governing their attempt to revive their Consent Judgment, we turn our attention to the only other applicable nonbankruptcy law here at issue, that is, the state law of Missouri.

### ii. "Applicable Nonbankruptcy Law"

In concluding that the Guys' ability to revive their Consent Judgment had expired, the bankruptcy court examined and relied upon Sections 513.020, 516.350, and 511.370 of the Missouri Revised Statutes, and Rules 44.01(a) and 74.09 of the Missouri Rules of Civil Procedure. Section 513.020 provides that, "[e]xecutions may issue upon a judgment at any time within ten years after the rendition of such a judgment." Mo.Rev.St. § 513.020. Further, and in that connection, § 511.370 provides, "[t]he plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten

years from the rendition of the judgment, no scire facias shall issue." Mo.Rev.Stat. § 511.370.

The protocol for such a motion is detailed in Rule 74.09, which states:

(a) When and by Whom. A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) Order to Show Cause. Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

Mo.R.Civ.P. 74.09. Rule 44.01 provides the means for computing the ten-year limitation period, as follows in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Mo.R.Civ.P. 44.01(a). The consequences of failing to meet the ten-year limitation period are outlined in § 516.350, which provides, in pertinent part, as follows:

Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants

therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatsoever.

Mo.Rev.Stat. § 516.350.1.

■ Section 516.350 has recently been the subject of a great deal of analysis in the Missouri state courts. In *Ronollo v. Ronollo*, 936 S.W.2d 188 (Mo.Ct.App.1996), the Missouri Court of Appeals stated as follows in its regard:

> Section 516.350 unequivocally provides for a conclusive presumption that every judgment, order, or decree of any court of record is presumed to be paid and satisfied ten years from the date it was rendered.... The ten years runs [sic] from the date of judgment, not the date the judgment becomes collectible.

*Id.* at 189 (citations omitted).[8] This decision, which serves only as guidance in our analysis, was effectively reiterated by the Supreme Court of Missouri in *Pirtle v. Cook*, 956 S.W.2d 235 (Mo.1997), which operates, instead, as binding precedent. *See Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1570 (8th Cir.1991) ("Decisions of the Missouri Supreme Court as to state law are binding on us. Decisions of the

various intermediate appellate courts are not, but they are persuasive authority, and we must follow them when they are the best evidence of what Missouri law is."). In *Pirtle*, a case in which Plaintiff was unable to collect on her marital dissolution award during the first five months of the ten-year period provided in § 516.350.1—a situation factually analogous to our own—the supreme court ruled that § 516.350.1 "dictates that the limitation period begins to run when the judgment is rendered, not when the debt becomes certain, due, or enforceable .... [, that] [t]he inability to collect a debt does not prevent the normal operation of section 516.350.1," and, finally, that, "Wife's inability to collect on her judgment ... does not justify ignoring the plain dictate of the legislature." *Id.* at 245.

■ Applying the foregoing authority to the instant facts, we reach the following conclusions: The Consent Judgment was entered on September 16, 1987. As the day of the act or event is not included in the computation under Rule 44.01(a), the ten-year period did not commence to run until September 17, 1987. Next, by the express language of the same Rule, the last day of the period is to be included in computing the time allowed. Thus, as the bankruptcy court stated, the ten-year period allowed for the collection of the Consent Judgment "expired the moment before midnight September 16, 1997." *See Strunk v. Commercial Plastics Co.*, 800 S.W.2d 779, 782 (Mo.Ct.App.1990) (applying Rule 44.01(a) to find that the three-year revival period for a judgment lien arising on May 13, 1980 commenced on May 14, 1980 and ran until May 13, 1983); *Putnam v. Stix, Baer & Fuller*, 795

---

**8.** Further, and more recently, the same court stated:

> Absent timely revival, section 516.350 plainly forbids the enforcement of judgments over ten years old by conclusively presuming the judgments have been paid. The language of section 516.350 naturally lends itself to a bright-line approach: either revive a judgment within ten years of its entry or relinquish all rights of enforcement. Applying this standard, it is sufficient to note that [Plaintiff] knew the date of the dissolution decree and failed to take any action to revive the judgment within the ten year period. Therefore, section 516.350 now precludes any action to enforce the decree.

*Hanff v. Hanff*, 987 S.W.2d 352, 356–57 (Mo.Ct.App.1998) (slip opinion).

S.W.2d 620, 621 (Mo.Ct.App.1990) (applying same rule and three-year analysis); *In re Marriage of Keltner*, 718 S.W.2d 666, 667 (Mo.Ct.App.1986) ("We hold that Rule 44.01(a) is controlling and that the date on which to apply for and obtain a writ of scire facias on the August 8, 1974 judgment was August 8, 1984."). The Guys' filed their first Petition for Revival of Judgment on September 17, 1997, one day after the time allowed by the ten-year limitation period. The Guys' inability to enforce their Consent Judgment for nearly five months as a result of the automatic stay in Danzig's bankruptcy case does not prevent the operation of § 516.350 here. Accordingly, the conclusive presumption under § 516.350 applies in the instant matter such that we must presume that the Guys' Consent Judgment was paid and satisfied on September 16, 1997, ten years after the date on which it was rendered.

▉▉▉ The Guys' assertion that Mo. Rev.St. § 516.260 controls in the instant matter, tolling the statute of limitations such that the Petitions for Revival of Judgment which they made in the bankruptcy court were timely, is quickly disposed. In this connection, we first pause to note that because the Guys failed to assert this argument in the bankruptcy court, we need not consider it here. *Liberty State Bank v. Minnesota Life & Health Ins. Guar. Assoc.*, 149 F.3d 832, 834 (8th Cir.1998); *see Norwest Bank v. Doth*, 159 F.3d 328, 334 (8th Cir.1998). Ordinarily, we will not entertain issues raised for the first time on appeal. *See United States Dep't of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 348 (8th Cir.1997); *In re Forbes*, 218 B.R. 48, 51 (8th Cir. BAP 1998). Yet, exception to this general rule may be had where "the obvious result of following the rule would be a plain miscarriage of justice or would be inconsistent with substantial justice," *Rapid Robert's Inc.*, 130 F.3d at 348 (internal quotation marks omitted) (quoting *Seniority Research Group v. Chrysler Motor Corp.*, 976 F.2d 1185, 1187 (8th Cir.1992)), or "when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case," *Krigel v. Sterling Nat'l Bank (In re Ward)*, 230 B.R. 115, 118 (8th Cir. BAP 1999) (internal quotation marks omitted) (quoting *Universal Title Ins. Co. v. United States*, 942 F.2d 1311, 1314 (8th Cir.1991)). The decision to apply an exception to the general prohibition against considering issues newly raised on appeal is discretionary. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Rapid Robert's Inc.*, 130 F.3d at 348 (quoting same); *In re Ward*, 230 B.R. at 118. In the instant matter, we apply the last of the three exceptions quoted above to take up the Guys' argument.

▉▉▉ Section 516.260 of the Missouri Revised Statutes provides:

> Whenever the commencement of any suit shall be stayed by an injunction of any court or officers authorized to grant the same, the time during which such injunction shall be in force shall not be deemed any portion of the time in sections 516.010 to 516.370 limited for the commencement of such suit.

Mo.Rev.Stat. § 516.260. In examining this statute, we are duly mindful of the applicable rules of statutory construction. Under Missouri state law, the primary rule of construction is, "to ascertain the intent of the lawmakers by construing words used in the statute in their plain and ordinary meaning." *American Healthcare Management, Inc. v. Director of Revenue*, 984 S.W.2d 496, 498 (Mo.1999) (quoting *Hyde Park Housing Partnership v. Director of Revenue*, 850 S.W.2d 82, 84 (Mo.1993)) (internal quotation marks omitted); *La–Z–Boy Chair Co. v. Director of Econ. Dev.*, 983 S.W.2d 523, 525 (Mo.1999). In this connection, when considering the statutory enactments of an entire legislative act and the plain meaning of the language used therein, we must harmonize all of the statutory provisions where it is possible to do so. *See Farmers' Elec. Coop., Inc. v. Missouri Dep't of Corrections*, 977 S.W.2d 266,

270 (Mo.1998); *Hagan v. Director of Revenue*, 968 S.W.2d 704, 706 (Mo.1998). However, when the plain and ordinary meaning of the statutory language is unambiguous, "we are afforded no room for construction." *Brownstein v. Rhomberg–Haglin & Assocs., Inc.*, 824 S.W.2d 13, 15 (Mo.1992).

■ Guided by these rules of construction, we observe that Section 516.260 refers only to the "commencement of any suit," and thus, under its plain and ordinary meaning, would not appear to apply to the instant matter. The Supreme Court of Missouri's ruling in *State ex rel. Silverman v. Kirkwood*, 361 Mo. 1194, 239 S.W.2d 332 (1951), proves instructive on this point:

> [A] scire facias proceeding is a continuation of and is but supplementary to the action in which the judgment sought to be revived was rendered and that such proceeding is not of itself an original action. The writ of scire facias is a judicial writ.... It is not an original writ such as a summons. A proceeding by scire facias for the single purpose of reviving and continuing the force of a judgment theretofore rendered is not even a proceeding in personam. But the effect of an order of revivor is to vitalize and make subject to execution a general personal judgment theretofore entered. A scire facias proceeding is only a special proceeding by judicial writ in the original action. Its sole purpose is to give the judgment debtor an opportunity to appear and show cause (if he has any) why the order of revivor should not be entered. [W]e cannot overlook the basic principle that the suing out of a scire facias writ is not a new action but is only a special proceeding by judicial writ and a continuation of the cause in which the original judgment was entered.

*Id.* at 335 (citation omitted); *see Nelson v. Hammet*, 343 S.W.2d 75, 78 (Mo.1961); *Hanks v. Rees*, 943 S.W.2d 1, 3 (Mo.Ct. App.1997); *Meyer v. Ragar*, 935 S.W.2d 97, 99–100 (Mo.Ct.App.1996). Thus, as merely "a continuation of the cause in which the original judgment was entered," we hold that a petition for revival of judgment does not constitute "the commencement of [a] suit" under § 516.260. Accordingly, the statute is inapplicable to the outcome of this matter; the Guys' arguments thereon are misplaced.

### iii. Payments on the Record

■ The next issue we address is whether any payments were made on the Consent Judgment which were "duly entered upon the record thereof," in the bankruptcy court, within the meaning of § 516.350. To reiterate, the bankruptcy court determined that:

> The Plaintiffs' claim that there were several payments made on the record during the ten-year period which would revive the judgment is not supported by the record in this case. The only payment duly entered on the record was a check sent from the garnishee to the Plaintiffs' attorney that was filed with the Court on October 6, 1997 and entered on October 7, 1997. Both of these dates were after the ten-year period following the original judgment entered on September 16, 1987. A writ of execution on a notice of garnishment is not the same as a "payment" entered on the record. The ten-year statute of limitations was not tolled by any payment duly entered on the record and the debt is presumed to be paid according to [Mo.Rev.Stat.] § 516.350.

The bankruptcy court's findings comport with our own statements concerning the meaning and legal import of the term "entered," as it is used in this context. In *United States v. Henry Brothers Partnership (In re Henry Brothers Partnership)*, 214 B.R. 192 (8th Cir. BAP 1997), we stated as follows:

> A document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document. *National Sav[.] Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218 (S.D.Fla.

1989); *In re Bunt,* 165 B.R. 894, 895 n. 3 (Bankr.E.D.Ark.1994); *see York State Higher Ed[.] Serv[s.] Corp. v. Gilstrap (In re Gilstrap ),* 29 B.R. 368 (Bankr. S.D.N.Y.1983). The entry is significant because it is from that date that time to file an appeal is calculated. *See* Fed. R.Bankr.P. 8002(a). Indeed, all federal rules of procedure require that the time for filing an appeal be calculated from the date of entry. *See id.;* Fed. R.App.P. 4, 5, 6; 28 U.S.C. §§ 1292(b), 2101, 2107; Sup.Ct.R. 13.

The date of entry is also important because that notation is the first public notice that an activity, order or judgment exists. Since the activity is then public, all parties are on notice of the particular record event. Based on this public, record notice, parties have a duty to take whatever action is appropriate to preserve their rights.

*Id.* at 195 (footnote omitted).

On appeal, the Guys have failed to direct us to anything in the record in the bankruptcy court which would comport with our understanding of the term "entered," as respects any payment allegedly made on the Consent Judgment. We find no error in the bankruptcy court's determinations on this subject.

4. Bankruptcy Court's Denial of Guys' Motions to Alter or Amend Judgment or for New Trial

The Guys' February 14 and 27, 1998 Motions to Alter or Amend or for New Trial served simply to rehash old arguments anew, without further embellishment. In both Motions, the Guys merely reiterated arguments with which the bankruptcy court quite properly disagreed. We do not find that the bankruptcy court abused its discretion in implicitly denying the Guys' February 14, 1998 Motion and expressly denying their February 27, 1998 Motion.

### III. CONCLUSION

Accordingly, and for the foregoing reasons, we affirm the bankruptcy court's

February 6, 1998 and February 19, 1998 Orders denying Robert L. and Anna K. Guys' Petitions for Revival of Judgment against Howard Danzig as being time-barred, and its October 15, 1998 Order denying their Motions to Alter or Amend Judgment or for New Trial.