**Lamar C. STARRETT,
Petitioner/Appellant,**

v.

**Malba STARRETT,
Respondent/Respondent.**

**No. ED 76069.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 2, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Harold G. Johnson, Mitchell D. Johnson, St. Ann, for appellant.

Simone A. Haberstock, St. Louis, for respondent.

PAUL J. SIMON, Judge.

Lamar Starrett, husband, appeals the judgment of the Circuit Court of St. Louis County granting Malba Starrett's, wife, motion to enforce a property distribution provision of a judgment of dissolution.

On appeal, husband contends that the trial court erred in: (1) sustaining wife's motion to dismiss husband's motions to modify and to dismiss wife's motion, because the dissolution decree providing that wife was to receive one-half of husband's military pension as distribution of marital property was no longer enforceable, pursuant to 516.350.1 RSMo 1994 (all further references herein shall be to RSMo 1994 unless otherwise indicated); (2) entering a Qualified Domestic Relations Order (QDRO) for wife because the controlling federal law at the time of the legal separation prevented such assignment and such is *res judicata;* (3) the trial court erred in awarding wife attorney fees because the trial court denied wife's motion for contempt and further wife provided no evidence of her inability to pay her fees or husband's income and ability to contribute. We reverse.

The record reveals that in August 1984, the trial court entered a Decree of Legal Separation awarding wife one half of husband's military retirement pay benefits as periodic maintenance and ordering husband to retain wife under the "survivor benefit plan." Wife appealed the decree and this court subsequently modified it so that one half of husband's retirement benefits were distributed to wife as marital property in lieu of periodic maintenance. *Starrett v. Starrett,* 703 S.W.2d 544 (Mo. App. E.D.1985). The Decree of Legal Separation was subsequently converted to a Decree of Dissolution in 1986.

In 1997, wife filed a motion for contempt, which was amended in September, 1998 to a motion for contempt and to enforce the 1986 Decree of Dissolution. Husband filed an answer requesting the court to dismiss wife's motion on the basis that her action was barred because it was not timely filed. He also filed a Motion to Modify, requesting that the trial court modify the decree by terminating the payment of retirement benefits to wife.

At trial, the parties stipulated to the following facts: (1) subsequent to the mandate of the court of appeals in 1986, the parties completed and submitted the appropriate forms to the military to assign one half of benefits to wife and designating her as survivor for the survivor benefit plan; (2) the military confirmed receipt of those documents; (3) since submission of the documents, wife has received benefits every month since 1986; (4) in September 1998, the military confirmed that wife was no longer the survivor beneficiary; (5) husband's new spouse is the current survivor beneficiary.

The trial court granted wife's motion to enforce the 1986 Decree of Dissolution, ordered husband to reinstate wife as survivor beneficiary and entered a QDRO in order to ensure that wife continues to receive her benefits and is designated survivor beneficiary. The trial court further denied wife's motion for contempt, and awarded her attorney fees of $2000.00.

In his first point, husband contends that the trial court erred in granting wife's motion to enforce and denying his motions to dismiss and to modify because the 1986 judgment was no longer enforceable as it had not been revived prior to the expiration of the ten year limitation set forth in section 516.350.1, which provides, in pertinent part,

1. Every judgment, order or decree.. except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time, shall be presumed to be paid

and satisfied after the expiration of ten years from the date of the original rendition thereof ... or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years ... such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

Wife argues that upon this court's mandate in *Starrett,* 703 S.W.2d at 544, the award of the military pension benefits became her separate property. Further, she argues that she took the necessary steps to enforce the judgment by submitting forms to the military and has received retirement pay benefits every month since, so to now terminate her interest would constitute a modification of the judgment. Finally, she notes that section 516.350 also contains an exception "for payments made and duly entered upon the record," providing that they are deemed satisfied ten years after the date of the last payment. Here, wife notes that the parties stipulated that payment had been made every month since the decree.

█ We have held that failure to revive a dissolution judgment within ten-year period provided by statute governing enforceability of judgments precludes action and the limitation period begins to run when the judgment is rendered, not when the debt becomes certain, due, or enforceable. *Hanff v. Hanff,* 987 S.W.2d 352, 355 (Mo.App. E.D.1998). Here, wife seeks to enforce the division of marital property provision of a judgment, which was entered in 1986, when the decree of legal separation was converted to a judgment of dissolution, and was never revived.

█ Further, the payments of retirement benefits to wife by the military were not "duly entered upon the record." The record is "[a] written account of some act, court proceeding, transaction, or instrument, drawn up, under authority of law, by a proper officer, and designed to remain as a memorial or permanent evidence of the matters to which it relates." *Spangler v. Spangler,* 831 S.W.2d 256, 259 (Mo.App. W.D.1992). Here, the payments made by the military to wife were not recorded by the clerk of the court as payments made on the judgment and the fact that the parties later stipulated that payments have been made does not constitute a payment duly entered upon the record as required by section 516.350.1. Because the judgment has not been revived within the ten year period, nor has payment been duly entered upon the record, wife's motion is barred pursuant to section 516.350.1 and the trial court erred in not dismissing her motion. Husband's first point is meritorious.

In light of our disposition of husband's first point, the award of attorney fees to wife must also be reversed.

JUDGMENT REVERSED.

GARY M. GAERTNER, P.J., concurs.

JAMES R. DOWD, J., concurs in separate concurring opinion.

JAMES R. DOWD, Judge, concurring.

I concur with the majority's conclusion that Section 516.350 prevents the enforcement of the judgment in this case. The statute clearly requires that payments must be made within ten years of the entry of judgment and must be made "upon the record" if the judgment is to be revived thereafter. While the result in this case may not have been foreseen at the time the statute was written, it is nonetheless patently unjust. Both Husband and Wife stipulated to the fact that Husband made payments to Wife according to the decree every month since 1986. Because those payments were not made through the court, Husband should not be allowed to avoid the remaining payments

owed on the judgment. Our holding today, while legally correct, is an example of how Section 516.350 can be used by a party to obtain inequitable results.

The General Assembly should remove from Section 516.350 the requirement that payments must be made "upon the record." The question of payment would then become a question of fact. When a party cannot prove that he or she received a payment on the judgment within ten years after it was rendered, either on or off the record, then, and only then, should the law bar recovery. The statute, as presently written, allows parties to make payments "off the record" for ten years, cease payment, at which point Section 516.350 effectively voids the remainder of the obligation imposed by the judgment or decree.

This statute should also be re-examined because of present realities in dissolution cases and the extended time frames that many decrees contemplate prior to full satisfaction. Often obligations are reduced to judgment but do not even become due and payable during the entire ten years permitted for revival. *See Hanff v. Hanff,* 987 S.W.2d 352 (Mo.App. E.D.1998). For instance, life insurance benefits and pensions are often included in property settlements, yet are, by their nature, ongoing and payment may not begin during the ten-year period following judgment. Section 516.350 expressly excludes child support and maintenance judgments from its purview, presumably because they normally extend for an indeterminate period of time, often more than ten years. Judgments involving pensions, life insurance and other like property often require payments over a period of time yet are not currently excluded in Section 516.350. In *Hanff v. Hanff,* this writer observed that Section 316.350 created a "bright line test" for the revival of judgments. I question now, as I did then, the value of such a test so devoid of justice in its application. The majority displays a disciplined intellectual

honesty about what the statute demands and in that respect I concur.