

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| NEIL E. LONGAN, | ) | |
| | ) | WD78748 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| ANGELA G. LONGAN, | ) | May 3, 2016 |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Pettis County, Missouri**
**Honorable Richard Paul Beard, II, Judge**

**Before Division Two:**
**Victor C. Howard, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**

Mr. Neil Longan appeals the denial of a motion to vest title because the motion court erroneously relied on section 516.350[1] to deny the motion instead of ordering judgment under Rule 74.07.[2] We agree.

Mr. Neil and Ms. Angela Longan were married on January 22, 1981. The marriage was dissolved in December 2002. At the dissolution hearing, both parties (Mr. Longan, Petitioner, and Mrs. Longan, Respondent) testified that the real estate used to conduct the partnership business was a key partnership asset. The dissolution judgment states the following:

---

[1] Statutory references are to RSMo. Cum. Supp. 2014, unless otherwise indicated.

[2] Rule references are to the Missouri Supreme Court Rules of Civil Procedure (2015), unless otherwise indicated.

The biggest contention between the parties is the valuation and division of the partnership business of the Petitioner known as A&L Ag Center. After having considered the testimony and the business records, the Court determines that Petitioner's interest is valued at $218,000±. That interest is awarded to the Petitioner.[3]

In addition, the parties were ordered to "do whatever is necessary to complete transfer of any property awarded to the other party." No appeal was taken from this judgment.

Mr. Longan filed a motion to vest title of record to the real estate on January 13, 2015. After a May 14, 2015 hearing, the motion court denied the motion by judgment. This appeal follows.

This Court will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Statutory interpretation is a question of law that this court reviews *de novo*. *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 502 (Mo. App. W.D. 2010). No deference is given to the trial court's ruling when the question is one of law. *MFA Mut. Ins. Co. v. Home Mut. Ins. Co.*, 629 S.W.2d 447, 450 (Mo. App. W.D. 1981).

Mr. Longan asserts that the motion court erred in denying the motion to vest title under Rule 74.07 because section 516.350, on which the motion court relied,

---

[3] Although the trial court judgment does not specifically mention the 23.08 acres in question, the property is listed as a business asset according to the Respondent's (Ms. Longan's) Asset Analysis and Proposed Division of Marital Property, which served as Mr. Longan's exhibit two during the May 14, 2005, hearing.

2

applies solely to money payments by its plain language and does not bar [to] the requested relief.[4]

"The seminal rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning." *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 665 (Mo. banc 2010). Thus, we "enforce[] statutes as they are written, not as they might have been written." *Id*. at 667.

The relevant portion of section 516.350 reads:

> 1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance or dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment which mandates the making of payments over a period of time or payments in the future, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. An action to emancipate a child, and any personal service or order rendered thereon, shall not act to revive the support order.

Clearly this statute applies to judgments that require payment. *See White Indus., Inc. v. New Eng. Propeller Serv., Inc.*, 881 S.W.2d 243, 244 (Mo. App. W.D. 1994) (in which this court took care to distinguish the statute's application to money judgments, stating: "Missouri law provides in § 516.350, that a money judgment is

---

[4] In response to Mr. Longan's argument, Ms. Longan also asserts that the original judgment did not award Mr. Longan title to the real estate in question and that the motion court was without authority to modify and enforce the original judgment thirteen years later classifying the property as a partnership asset. This appeal, however, concerns the application of section 516.350 to Mr. Longan's motion to vest title, not the nature of the real estate itself. Therefore, the real estate's classification will not be further discussed.

irrebuttably presumed paid and satisfied ten years after the judgment's original rendition, unless it has been revived. This section applies to all money judgments except for child support or maintenance"). The statute's plain language consistently refers to payment, yet specific performance is never mentioned.[5]

Furthermore, the Missouri Supreme Court has clearly stated that "courts must construe a statute as it stands … and must give effect to it as written.…This Court may not engraft upon the statute provisions which do not appear in explicit words or by implication from other words in the statute." *Metro Auto Auction v. Dir. of Revenue*, 707 S.W.2d 397, 402 (Mo. banc 1986). The motion court's statement, "[w]hether a judgment is for money or for specific performance, section 516.350 RSMo alone determines the time in which a judgment may be enforced," does exactly what is proscribed. By relying on section 516.350 to govern the time restraints on a claim for specific performance, the circuit court expanded the statute's reach; an act the Missouri Supreme Court specifically prohibits. *E.g.*, *Wardlow v. Denny*, 579 S.W.2d 842, 843 (Mo. App. W.D. 1979) ("It does not fall within the province of the court to apply a different intent than that expressed, or to engage in the extension or enlargement of that intent.").

Ms. Longan relies on *Starrett v. Starrett,* 24 S.W.3d 211 (Mo. App. E.D. 2000) and *Hanff v. Hanff,* 987 S.W.2d 352 (Mo. App. E.D. 1998) to support her assertion that the motion court did not err in finding Mr. Longan's claim barred under the statute. The circumstances in these cases, however, are factually distinct from the specific performance issue at bar. In *Starrett*, the issue on appeal centered on

---

[5] Payment references in the statute are as follows: "shall presumed to be paid and satisfied"; "in case a payment has been made on such judgment"; "in case a payment has been made on such judgment"; "after the expiration of ten years from the last payment so made."

whether section 516.350 barred the revival of military benefits granted to the former wife during her 1986 marriage dissolution. *Starrett*, 24 S.W.2d at 212. Although the military benefits were awarded during the division of marital property, the issue hinged on the payment of retirement to the former wife, making § 516.350 the appropriate governing statute. *Id*. at 213. ("Here, the payments made by the military to wife were not recorded by the clerk of the court as payments made on the judgment and the fact that the parties later stipulated that payments have been made does not constitute a payment duly entered upon the record as required by section 516.350.1. Because the judgment has not been revived within the ten year period, nor has payment been duly entered upon the record, wife's motion is barred pursuant to section 516.350.1 and the trial court erred in not dismissing her motion.") *Starrett* clearly involves the enforcement of a money judgment, unlike the case before us.

In *Hanff*, the decedent's former spouse failed to revive her judgment for pension benefits and life insurance proceeds.[6] *Hanff*, 987 S.W.2d at 354. The court explained that section 516.350.1 "dictates that the limitation period begins to run when the judgment is rendered, not when the debt becomes certain, due or enforceable." *Id*. at 356. The court further explained that "the inability to collect a debt does not prevent the normal operation of section 516.350.1." *Id*. Finally, the court explained that, if the judgment is not revived within the ten-year limit, it is presumed to be paid. *Id*. Unlike the Longans' judgment, the judgment in *Hanff* was a

---

[6] Ms. Longan incorrectly asserts that no money judgment was at issue in *Hanff* when the court considered the life insurance and pension benefits. Although specific payments were not ordered in the dissolution judgment, the former spouse was ordered to be named a beneficiary on the decedents pension and insurance policy; an order granting her a financial benefit. *Hanff v. Hanff*, 987 S.W.2d 352, 354 (Mo. App. E.D. 1998). When the former spouse filed the action on appeal in *Hanff*, she was awarded financial awards of $88,540.80 and $12,406.00 for pension benefits and life insurance proceeds respectively. *Id*. at 355. Therefore, it is clear that a money judgment was at the root of the issued considered.

5

financial award directly governed by the plain language of section 516.350. Therefore, Ms. Longan's reliance on this case is minimally persuasive at best.

Because the plain language of section 516.350 includes no express reference to judgments for specific acts, the appropriate avenue for relief is Rule 74.07. Rule 74.07 Judgment for Specific Acts-Vesting Title-Delivery of Possession states:

> If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party. On application of the party entitled to performance, a writ of attachment or sequestration shall issue against the property of the disobedient party to compel obedience to the judgment. The court may also adjudge the party in contempt. If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue.

The court rule does not specify a time frame to exercise these remedies, so Mr. Longan may seek to vest title to the property in question now. Further, allowing the title of piece of real property to remain in a permanent state of question would be against the public policy of this state. Therefore, we reverse the motion court's judgment denying Mr. Longan's motion to vest title and remand for consideration under Rule 74.07.

## Conclusion

The motion court misapplied section 516.350 because the statute's plain language applies to money judgments. Accordingly, we reverse the motion court's judgment denying Mr. Longan's motion to vest title in the partnership real estate and remand for consideration under Missouri Supreme Court Rule 74.07.

/s/ THOMAS H. NEWTON
Thomas H. Newton, Judge

Howard, P.J., and Mitchell, J. concur.

7