

# In the
# Missouri Court of Appeals
## Western District

PHILLIP G. GILLESPIE,

        **Respondent,**

v.

ELIZABETH M. GILLESPIE,

        **Appellant.**

WD85159

OPINION FILED:

DECEMBER 13, 2022

---

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable Alisha D. O'Hara, Judge**

**Before Division Three: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge,
Anthony Rex Gabbert, Judge**

Elizabeth Gillespie ("Wife") appeals the circuit court's grant of judgment to Phillip Gillespie ("Husband") on Wife's "Counter Motion for Contempt" and "Motion in Equity" which Wife filed in response to Husband's "Affidavit for Termination of Child Support." Wife contends on appeal that the circuit court erred in ruling that all obligations imposed on Husband in the parties' dissolution of marriage judgment, including Husband's obligation to pay Wife one half of the profits from the sale of a marital home, are deemed satisfied in full pursuant to Section 516.350, RSMO 2016, arguing that the marital home obligation was not a debt or money judgment under Section 516.350. We affirm.

**Background and Procedural Information**

The material facts are not in dispute. On June 29, 2009, the Hardin Circuit Court for the Commonwealth of Kentucky in case number 09-CI-008883 issued Findings of Fact, Conclusions of Law, and Judgment/Decree ("Dissolution Judgment") dissolving the marriage of Husband and Wife. Pursuant to the Dissolution Judgment, which incorporated a "Settlement Contract" between the parties, Husband was awarded sole ownership and possession of a home located in Kansas City, Missouri, and assumed all indebtedness due thereon, including the mortgage, taxes, and insurance. The Dissolution Judgment further provided that, "In the event the home is sold, the HUSBAND shall receive the first $3,500.00 of the profit for his expenses in preparing the home for sale, after all mortgage(s) and costs of sale are paid. Any remaining profit shall be divided equally between the parties." The Dissolution Judgment was registered in Clay County, Missouri, case number 09CY-CV07819, as a foreign judgment on July 23, 2009.[1] At no time did either party revive the Dissolution Judgment. Husband sold the home on October 21, 2020, more than eleven years after the Dissolution Judgment was rendered.

On January 6, 2021, Husband filed an Affidavit for Termination of Child Support. On February 11, 2021, Wife filed an answer requesting that the court deny Husband's request to terminate child support. Therein, as relevant to Wife's claim on appeal, Wife also made a "Counter Motion for Contempt" wherein she alleged that she had demanded her share of profits from the

---

[1] In relevant part, Rule 74.14 states:

(b) Filing and Status of Foreign Judgments. A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

sale of Husband's home, and that Husband willfully failed and refused to pay Wife her portion. Wife asked that Husband be held in contempt for violating the court order regarding sale of the home.

Husband responded to Wife's motion by alleging, among other things, that Wife's claim was barred and the alleged debt deemed satisfied, in that pursuant to Section 516.350.1, judgments are conclusively presumed paid ten years after they were originally rendered unless a party has revived the judgment. Husband alleged that the Dissolution Judgment had not been revived and was more than ten years old, causing the alleged debt to be presumptively satisfied. Wife moved to file an amended counter motion for contempt, requesting to add an additional "Motion in Equity" count wherein Wife asked the court to determine Wife's interest in the home. The court allowed the amended motion. Following trial on October 21, 2021, the court took the matter under advisement.

On November 16, 2021, the court entered Judgment, sustaining Husband's Affidavit for Termination of Child Support and granting Husband "judgment on all Counts of [Wife's] Counterclaim." The court further stated: "All obligations imposed on [Husband] in the parties' dissolution of marriage judgment and all subsequent modifications thereof are deemed satisfied in full, including [Husband's] obligation to pay [Wife] one half the profits from the sale of the marital home located at 8921 NE 111th Street, Kansas City, Missouri." This appeal follows.

**Standard of Review**

Our standard of review in any court-tried case is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 122 (Mo. App. 2013). We will affirm the circuit court's decision unless it is unsupported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* at 122-123. We view

3

the evidence and all reasonable inferences in the light most favorable to the court's judgment. *Id.* The party challenging the judgment has the burden of proving error. *Beckham v. Beckham*, 41 S.W.3d 908, 911 (Mo. App. 2001). We apply *de novo* review to questions of law and give no deference to the trial court's conclusions regarding such questions. *Pearson v. Koster*, 367 S.W.3d 36, 43-44 (Mo. banc 2012).

**Point on Appeal – Application of Section 516.350**

In Wife's sole point on appeal, Wife contends the circuit court erred in ruling that all obligations imposed on Husband in the parties' Dissolution Judgment and all subsequent modifications are deemed satisfied in full pursuant to Section 516.350.

Section 516.350.1 provides:

> Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance or dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment which mandates the making of payments over a period of time or payments in the future, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. An action to emancipate a child, and any personal service or order rendered thereon, shall not act to revive the support order.

Wife contends that Section 516.350.1 is inapplicable to the home profits provision in the parties' Dissolution Judgment, arguing that the home profits provision did not involve a debt or money judgment in that it did not involve a specific or readily ascertainable monetary amount. In support of her argument, Wife cites various cases including *Longan v. Longan*, 488 S.W.3d 728 (Mo. App.

2016), *Leung v. Fu*, 241 S.W.3d 838 (Mo. App. 2007), *Pirtle v. Cook*, 956 S.W.2d 235 (Mo. banc 1997), *Hanff v. Hanff*, 987 S.W.2d 352 (Mo. App. 1998), and *Ronollo v. Ronollo*, 936 S.W.2d 188 (Mo. App. 1996). Wife focuses on the specific dollar amounts mentioned in these cases and contends that "the common thread in all of these cases is that the dissolution courts entered judgments for specific or readily ascertainable monetary amounts." Wife argues that, because the Dissolution Judgment does not identify any specific or readily ascertainable monetary amount in the home profits provision, the home profits provision within the Dissolution Judgment is a bilateral contract between the parties which was not subject to specific performance until the date of the sale. She argues that the Settlement Contract within the Dissolution Judgment is "enforceable under Rule 74.07, which would require Husband to perform a specific act – namely, splitting any profits -- and the Husband failing to comply within the terms specified – namely, upon sale of the real estate." We find no merit in Wife's argument.

Missouri Supreme Court case *Pirtle v. Cook* involved a September 10, 1984, property settlement agreement incorporated into a dissolution decree wherein it was agreed that real estate be sold and the proceeds divided in a specific fashion. 956 S.W.2d at 237. The circuit court's judgment ordered that the wife receive a minimum sum of $40,000 from the husband, with the $40,000 to be paid from the proceeds of the sale of the real estate. *Id*. If the sale proceeds were insufficient to cover the $40,000, "Husband shall make up the difference out of other assets owned by Husband." *Id.* If the net proceeds exceeded $40,000, the wife was to receive $40,000 plus 65% of the excess. *Id.* The real estate was listed for sale immediately, as agreed by the parties and ordered by the court, however the real estate did not sell and the lender foreclosed; there were no proceeds received by either party. *Id.* at 238. The husband never paid the wife $40,000. *Id.*

5

On September 22, 1994, the wife moved to revive the judgment and requested a declaratory judgment ordering the husband to pay the wife $40,000. *Id.* The Missouri Supreme Court ultimately found the wife's claim barred by Section 516.350.1 as having been filed more than ten years after the judgment was originally rendered. *Id.* at 244. (The claim was filed approximately twelve days after the ten-year limitation period expired). *Id.* The Court rejected the wife's argument that the "ten-year period set forth in section 516.350.1 did not run until the parties' real property was sold on February 8, 1985." *Id.* The wife's rationale for her argument was that, until the sale, she could not have known the exact dollar amount to which she was entitled because, had the real estate made a profit in excess of $40,000, she was entitled to 65% of the excess. *Id.* The Court stated:

> Although Wife cites no authority that supports her contention that the statutory period in section 516.350.1 did not run while the parties' property remained unsold, her contention has been addressed previously and rejected. In *Hedges v. McKittrick,* 153 S.W.2d 790 (Mo. App. 1941), attorneys received a judgment entitling them to payment of fees from proceeds from the sale of certain property. *Id.* at 792. The property was never sold; consequently, the attorneys could not execute on their judgment. *Id.* at 794. The attorneys brought suit on the judgment more than ten years after it was rendered. *Id.* at 793. They argued that the statute of limitations should be tolled while the property remained unsold. *Id.* at 794. The court refused to toll the statute and barred the attorneys' suit because the situation did not come within any of the exceptions contained within the statute and the attorneys could have protected themselves by timely reviving the judgment. *Id.*

> This Court finds *Hedges* to be authoritative in the instant case. *Hedges* rests upon a plain reading of section 516.350.1, which provides that judgments shall conclusively be presumed to be paid and satisfied ten years after the "original rendition" of the judgment. Sec. 516.350.1. The statute dictates that the limitation period begins to run when the judgment is rendered, not when the debt becomes certain, due, or enforceable. *See Wormington,* 358 Mo. at 1048–1050, 218 S.W.2d at 587–591. The statutes provide no tolling period during which debts are uncertain or uncollectible. *Id.* Consequently, the inability to collect a debt does not prevent the normal operation of section 516.350.1. *Id.*

> Wife's inability to collect on her judgment for the first five months of the statute's ten-year period does not justify ignoring the plain dictate of the legislature.

6

> Wife could have pursued her 1991 motion to enforce or timely filed her motion to revive. She did neither. Her argument is without merit.

*Pirtle*, 956 S.W.2d at 245.

Wife cites *Pirtle* to support her argument that Section 516.350.1 is inapplicable to the home profits provision in the Dissolution Judgment, focusing on the $40,000 monetary figure discussed in *Pirtle* and arguing that Section 516.350.1 requires a specific or readily ascertainable monetary amount for applicability. Yet, Wife glosses over the fact that the actual monetary amount due the wife in *Pirtle* was not readily ascertainable at the time of the judgment, and the Supreme Court directly addressed, and rejected, the idea that Section 516.350.1 is inapplicable if the exact monetary amount is uncertain at the time of judgment. *Id.* at 244. And, while Wife attempts to take the home profits provision in the Dissolution Judgment out of the context of a "judgment," and thereby the purview of Section 516.350.1, by arguing that the provision originated from a "settlement contract" and thus created a bilateral contract between the parties, the *Pirtle* case similarly involved a "property settlement agreement" which was incorporated into a dissolution decree. *Id.* at 237.

Wife additionally labels the home profits provision in the Dissolution Judgment as one involving specific performance, "not a debt or money judgment," and cites *Longan v. Longan*, 488 S.W.3d 728 (Mo. App. 2016), for support. *Longan* involved real estate in the form of 23.08 acres which was used to conduct a partnership business. *Id.* at 729. The real estate was awarded to the husband in a dissolution judgment, and the judgment ordered the parties "to do whatever is necessary to complete transfer of any property awarded to the other party." *Id.* When the husband filed a motion to vest title of record to the real estate more than ten years after the judgment, the wife contended that the claim was barred by Section 516.350.1. *Id.* at 731. The husband argued

7

that Section 516.350 is inapplicable to judgments regarding specific performance, and Rule 74.07 which governs "Judgment for Specific Acts—Vesting Title—Delivery of Possession" applied instead. *Id.* at 729. We agreed with the husband, finding that the judgment involved specific acts and not a monetary judgment. *Id.* at 731.

Significantly, when the wife in *Longan* argued that *Hanff v. Hanff*, 987 S.W.2d 352 (Mo. App. 1988) was essentially a specific performance case because it ordered a former wife to be named a beneficiary on the husband's pension and insurance policy, and yet the court still found Section 516.350 applicable, we stated that, although specific payments were not ordered in the dissolution judgment, it was clear that the judgment in *Hanff* granted the wife a financial benefit. *Longan*, 488 S.W.3d 728, 731 n.6. In *Hanff*, a "Property Settlement Agreement" was incorporated into a dissolution judgment and the husband agreed to retain the wife as beneficiary on all life insurance policies and on the husband's pension plan. *Hanff*, 987 S.W.2d at 354. The husband violated the agreement by removing the former wife as beneficiary and replacing her with his new wife. *Id.* When the husband died and the former wife learned what had occurred, she sued the husband's new wife to obtain what she was granted under the dissolution judgment. *Id.* The Eastern District found the former wife's claims barred under Section 516.350 as having been brought more than ten years after the dissolution judgment. *Id.* at 356. The court stated:

> Absent timely revival, section 516.350 plainly forbids the enforcement of judgments over ten years old by conclusively presuming the judgments have been paid. The language of section 516.350 naturally lends itself to a bright-line approach: either revive a judgment within ten years of its entry or relinquish all rights of enforcement. Applying this standard, it is sufficient to note that Betty Ann knew the date of the dissolution decree and failed to take any action to revive the judgment within the ten-year period. Therefore, section 516.350 now precludes any action to enforce the decree.

*Id.*

8

Moreover, the home profits provision of Husband and Wife's Dissolution Judgment awarded a financial benefit to Wife and was not a specific performance provision.[2] The fact that a specific monetary amount was not included in the judgment, or that the ultimate monetary amount Wife was to potentially receive was not readily ascertainable when the judgment was rendered, does not preclude Section 516.350's applicability. Because Wife failed to revive the Dissolution Judgment or enter a payment on the record within ten years of its entry, the home profits provision within the Dissolution Judgment is conclusively presumed to be paid pursuant to Section 516.350.1.[3]

Wife's point on appeal is denied.

### Conclusion

The circuit court did not err in adjudging Husband's 2009 Dissolution Judgment obligations satisfied in full. Wife failed to revive the Dissolution Judgment or enter a payment on the record within ten years of its entry thereby causing the home profits provision within the Dissolution Judgment conclusively presumed to be paid pursuant to Section 516.350.1, and any suit thereon barred. We affirm the circuit court's Judgment.

_____
Anthony Rex Gabbert, Judge

All concur.

---

[2] In Wife's "Motion in Equity, Count Three," Wife expressly asks the court to order Husband to pay $71,763.81 pursuant to the home profit provision of the Dissolution Judgment.

[3] Wife cites *Bozarth v. Bozarth*, 653 S.W.3d 899 (Mo. App. 2022), in her Reply Brief to support her claim that the home profits provision involved a bilateral contract because it originated from a settlement contract. *Bozarth* is inapplicable here. *Bozarth* involved violation of a separation agreement, and while the wife initially filed the matter with the dissolution court, the circuit court found that the issue should properly be determined in a breach of contract action. *Id.* at 902 n.3. *Bozarth* states that, "this issue was not challenged by either party, and they appear to be in agreement to have the courts consider the claims under the breach of contract action." *Id.* Section 516.350 was not considered or discussed in the *Bozarth* case.