**IN RE: Douglas J. COPPESS, as surety for Coppess Ventures, LLC**

**Zeljko Situm, Appellant**

**v.**

**Douglas J. Coppess, Appellee**

**No: 17–6010**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

May 16, 2017

John Lamey, III, for Douglas J. Coppess.

## ORDER

Appellant Zeljko Situm (Creditor) filed a *Petition for Rehearing* (Motion), asking us to rehear and reconsider our decision made on April 27, 2017 that affirmed the bankruptcy court's order confirming the Chapter 13 bankruptcy plan (Plan) of Douglas J. Coppess (Debtor).

■ The Creditor raised two issues on appeal, one concerning the Debtor's failure to provide tax returns and the other complaining that the Debtor's real property was undervalued. Although the confirmation order stated that the court made her findings of fact and conclusions of law on the record at the confirmation hearing, the Creditor provided no transcript of the confirmation hearing. In addition, the disks provided to the court did not include a recording of the second portion of the confirmation hearing during which the court made such findings of fact and conclusions of law. The second of the two disks contained no content. Together with his Motion, the Creditor submitted an additional disk that contains (among other things) the bankruptcy court's complete confirmation hearing including findings of fact and conclusions of law made on the record. Consideration of the content contained on the new disk does not change our ruling.[1]

We address only the two issues that were originally presented to us. We do not discuss any arguments that were not presented to us in the notice of appeal or that were not made before the bankruptcy court. *See Forbes v. Forbes (In re Forbes)*, 218 B.R. 48, 51 (8th Cir. BAP 1998) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)) (citation omitted) (Generally, an appellate court does not consider arguments raised for the first time on appeal).

The Creditor's first argument concerning why the Debtor's Plan should not have been confirmed is that the Debtor failed to provide his tax returns. In the Motion, the Creditor complains that in our April 27 opinion we misunderstood his position when we stated that the Creditor argued that the Debtor failed to provide the Creditor with his tax returns. The Creditor states that his argument is that the Debtor failed to provide the court with his tax returns. This is a distinction without a difference for the purposes of this appeal.

■ The Creditor complains that the Debtor did not provide tax returns for the several years prior to his bankruptcy filing. Bankruptcy Code § 521(e)(2)(A)(i) states that:

> (e) ... (2)(A) The debtor shall provide—
> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; ...

---

1. Due to the Creditor's failure to comply with the requirement to provide to us a transcript, we listened to hours of proceedings. *See* Fed. R. Bankr. P. 8009(a)(4) and (b)(1)(A) (the record on appeal must include any transcript ordered under Rule 8009(b) and "the appellant must ... order in writing from the reporter, ..., a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal ...."); Internal Operating Procedure III(B)(1) ("If a transcript of proceedings before the bankruptcy court is required for the appeal, appellant's counsel must order the transcript within 14 days of filing the notice of appeal.") (citing Fed. R. Bankr. P. 8009). From the recordings, we were not able to hear every comment by every participant. Filing audio disks instead of written transcripts of proceedings is not a practice that we encourage and going forward we are not likely to allow an exception to the requirement for written transcripts.

11 U.S.C. § 521(e)(2)(A)(i) (emphasis added). The record shows that the Debtor satisfied his statutory obligation by providing to the Chapter 13 trustee his tax return "for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed." 11 U.S.C. § 521(e)(2)(A)(i). The Chapter 13 trustee acknowledged receipt of the Debtor's 2015 Federal return at the § 341 meeting. The bankruptcy judge also found the Debtor had complied with the cited Bankruptcy Code requirement. As the bankruptcy court aptly stated, the Creditor failed to request through discovery the Debtor's tax returns for prior years. The bankruptcy court adjourned the confirmation hearing for two months and advised the Creditor on several occasions to seek the advice of counsel. The court also appropriately pointed out that the Debtor's Statement of Financial Affairs set forth the Debtor's income for previous years.

■ The Creditor's second argument is that the Plan confirmation was improper because the values of the Debtor's real property located on Iglehart Avenue and Hague Avenue were undervalued. The court found the appraiser who testified on behalf of the Debtor to be credible. The Creditor provided no valuation evidence. In addition, the court looked to the value for the properties listed by the Debtor on his schedules (noting that in Minnesota a debtor is qualified to testify about the value of his real property) and compared those values to the undisputed amount of debt owed to the banks and taxing authorities to find that there was no equity.

Accordingly, it is hereby ORDERED that the Motion is DENIED.